**Guy DiVIAIO, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 75–1557.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 7, 1976.

Decided July 12, 1976.

---

Geoffrey Beauchamp,* with whom Michael Geltner, Washington, D. C. (appointed by this court) and Michael L. Solomon * were on the brief, for petitioner.

William A. Whitledge, Atty., Dept. of Justice, Washington, D. C., with whom Scott P. Crampton, Asst. Atty. Gen., and Gilbert E. Andrews and Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., were on the brief, for respondent.

Before WRIGHT and WILKEY, Circuit Judges, and JAMESON,** Senior District Judge.

Opinion for the court filed by JAMESON, Senior District Judge.

JAMESON, District Judge:

This is an appeal from a decision of the Tax Court dismissing the taxpayer's petition for a redetermination of tax deficiency for failing to file a timely petition.

On September 13, 1974 the Commissioner of Internal Revenue, through his district director in Newark, New Jersey, sent duplicate originals of a statutory notice of deficiency to petitioner, addressed as follows:

"Mr. Guy DiViaio
451 Crystal Lake Avenue
Hadden Township, New Jersey 08033
        and
C/O Warden
U.S. Penitentiary
Atlanta, Georgia 30315"[1]

---

* Entered appearances as student counsel pursuant to Rule 20 of the General Rules of this court.

** Of the United States District Court for the District of Montana, sitting by designation pursuant to 28 U.S.C. § 294(d) (1970).

1. The deficiency was $159,621.00 for the tax year ending December 31, 1972, plus penalty additions totalling $56,659.00.

Petitioner did not at any time receive the notice addressed to Hadden Township, New Jersey. The notice addressed in care of the warden was delivered to petitioner, presumably on December 2, 1974.[2]

On December 10, 1974 petitioner was transferred to the Federal Penitentiary at Terre Haute, Indiana, and upon his arrival there mailed a letter to the United States Tax Court in Washington, D. C. requesting "Rules and Forms for Filing a Petition". This letter was received by the Tax Court on December 16, 1974 and was filed as a petition for reconsideration of the deficiency.[3]

On January 28, 1975 the Commissioner filed a motion with the Tax Court to dismiss the taxpayer's petition on the ground that it was not filed within the 90 day period from the date the notice of deficiency was mailed to the taxpayer, and that, therefore, under section 6213(a) of the Internal Revenue Code of 1954, the Tax Court was without jurisdiction to act on the petition.

On February 21, 1975 petitioner filed a response to the motion to dismiss, stating that he had been incarcerated since June 22, 1972; his address in the United States Penitentiary at Atlanta was well known to respondent; he did not receive the notice until December 10, 1974, when he signed for it in the Legal Log Book at the Atlanta Penitentiary and on the same date was transferred to the penitentiary at Terre Haute; and as soon as he arrived at Terre Haute he mailed the request for the rules and forms.

A hearing on the motion to dismiss was held on May 12, 1975. The petitioner was not present or represented by counsel. The respondent was represented by counsel, who advised the court with respect to the notice and taxpayer's response. Following the hearing the petition was dismissed for lack

of jurisdiction on the ground that it was untimely filed.

While the notice was addressed to petitioner in care of the Warden of the Penitentiary in Atlanta, it appears from the statement of counsel for respondent at the hearing that the notice was in fact sent to the warden for delivery to petitioner. The statement of counsel reads in pertinent part:

"The Respondent has a record in its administrative file indicating delivery on December the 2nd, 1974, and that evidence of delivery is signed by one G. A. Wells.

"What we did, Your Honor, in that case was, that when we transmitted a copy of the statutory notice to the Petitioner at the Penitentiary, we sent a copy of the letter along with it, and asked—it was addressed to the warden, and asked that the copy be—indicate the date that it was served upon the Petitioner, and that they return that as evidence of having served it on him.

"THE COURT: So that the prison official gave it to him on December the 2nd?

"MR. CHALHOUB: That's my understanding, Your Honor.

"THE COURT: Let me ask you this, was the other notice, which was sent to the New Jersey address returned to the Service?

"MR. CHALHOUB: I do not know that, Your Honor."

Section 6212(a) of the Internal Revenue Code of 1954 authorizes the Commissioner to send notice of a tax "deficiency to the taxpayer by certified mail or registered mail." Section 6212(b) provides that for tax assessment purposes it "shall be sufficient" if the notice is "mailed to the taxpayer at his last known address." Section 6213(a) provides that "Within 90 days . . after the notice of deficiency authorized in section 6212 is mailed (not counting Satur-

---

**2.** Counsel for the Commissioner so advised the Tax Court at a hearing held March 12, 1975 on respondent's motion to dismiss the petition.

**3.** In his brief the Commissioner states, "Consistent with Tax Court rules and practices, the Clerk of the Tax Court filed taxpayer's letter as a petition for redetermination of deficiency . . . .."

day, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." Section 6213(c) provides that "if the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate."

The 90 day period begins when the notice is properly "mailed to the taxpayer". As this court stated in *Stebbins' Estate v. Helvering,* 74 U.S.App.D.C. 21, 121 F.2d 892, 893 (1941), "it has been decided time and time again that the statutory period is jurisdictional, and the duty to dismiss on failure to comply is mandatory."[4] It has been held that a notice mailed to a taxpayer in care of the warden of a penitentiary in which the taxpayer is known to be a prisoner is sufficient. See, *e. g., Rich v. C.I.R.,* 250 F.2d 170, 175 (5 Cir. 1957).

It is clear, however, that the statute requires the "proper giving of the notice". *Cohen v. United States,* 297 F.2d 760, 772 (9 Cir. 1962). The applicable statutes require that the notice be "mailed to the taxpayer" at his last known address.[5] It appears from the colloquy between respondent's counsel and the Tax Court, quoted *supra,* that while the deficiency notice was addressed to the petitioner in care of the warden, it was in fact mailed to the warden, with a letter addressed to the warden requesting the warden to serve the notice on petitioner.[6] The notice was mailed on September 13 but not served until December 2, eighty days later. Where the notice is "mailed to the taxpayer at his last known address", notice is presumed to have been given on the date the notice is placed in the mail. Mailing to an agent for delivery to the taxpayer is not equivalent to mailing to the taxpayer in determining the start of the 90 day period.[7]

Where there is a failure to comply with § 6212 by incorrectly addressing the notice[8] or by utilizing a means of delivery not prescribed by statute, notice cannot be presumed from the date of dispatch.[9] Here the notice was not given until it was served upon the petitioner by the prison official acting as agent for the Commissioner. The petition for redetermination was filed within 90 days thereafter and satisfied the jurisdictional requirement.

Nor do we find merit in respondent's contention that in any event the mailing requirement of § 6212 was satisfied by mailing a duplicate of the deficiency notice to the address in Hadden Township, New Jersey. There is nothing in the record to

4. Accord, *Dolezilek v. C.I.R.,* 94 U.S.App.D.C. 97, 212 F.2d 458 (1954).

5. As the court said in *Delman v. C.I.R.,* 384 F.2d 929, 934 (3 Cir. 1967), *cert. denied,* 390 U.S. 952, 88 S.Ct. 1044, 19 L.Ed.2d 1144 (1968). "It is true that unless a notice of deficiency is mailed to the taxpayer the Tax Court may not acquire jurisdiction over the cause. . . . This, however, is because the time for filing a petition to the Tax Court depends on when the notice of deficiency was mailed."

6. In *Rich v. C.I.R., supra,* the notice was mailed to the taxpayer in care of the warden, and "there [was] nothing to indicate that the Commissioner intended to appoint the warden as his agent." 250 F.2d at 175. Here, however, the warden was requested to serve the notice mailed to the warden and was the agent of the Commissioner in making the service.

7. It is reasonable to assume that if the notice had in fact been mailed directly to petitioner through the normal postal and prison mail delivery service, it would have been received at an earlier date.

8. See *e. g., Eppler v. C.I.R.,* 188 F.2d 95 (7 Cir. 1951), where the first notice was sent to an old address, and a second notice was correctly mailed, and a petition was filed within 90 days of the second notice; *Arlington Corp. v. C.I.R.,* 183 F.2d 448 (5 Cir. 1950), where a notice was sent to an incorrect address through negligence of the Commissioner's agents.

9. *Dolezilek v. C.I.R., supra,* is distinguishable. There a notice had in fact been mailed to the taxpayer, properly addressed, but was returned by the postal authorities stamped "Unclaimed—Refused". Thereafter personal service was made by a Deputy Collector. The court held that the 90 day period began with the date of mailing.

contradict the statements in petitioner's response to the motion to dismiss that he had been incarcerated for more than two years and his address in the Atlanta Penitentiary was well known to respondent. The fact that the notice was mailed to the warden for service on petitioner supports the conclusion that the agents of the Commissioner knew the prison was petitioner's last known address.

Respondent relies heavily on a statement in *Cohen v. United States, supra,* that the Commissioner "is not required to treat the address of temporary sojourn as the 'last known address'."[10] The court explained: "This is because the taxpayer may no longer be at the temporary address where the letter is mailed. The Commissioner can hardly make a daily check to see when the taxpayer may leave such temporary address." It is also stated in *Cohen,* however, that "The Commissioner or one of his agents may learn that the taxpayer has changed his address, or he may be so advised by the taxpayer. In such a case he must use the new address." 297 F.2d at 773. That is the case here. The agents of the Commissioner obviously knew of the petitioner's change in address.[11]

Reversed.

---

**10.** In *Cohen* the taxpayer was in jail, and this address was "temporary, so far as the Commissioner then knew," the court noting that the Commissioner or his agents may learn that the "taxpayer is temporarily sojourning elsewhere [than his permanent address], as in a hotel or hospital or vacation resort or jail, or even abroad, while still retaining the same 'permanent' address." 297 F.2d 773.

**11.** *Luhring v. Glotzbach,* 304 F.2d 556 (4 Cir. 1962), is also inapposite. There the notice was mailed to the address last known to the agents in the district where returns for years in which deficiencies were claimed had been filed. They had no notice and did not know of any change in address.