T.C. Memo. 2005-148

UNITED STATES TAX COURT

DAVID BROOMFIELD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4849-03L.          Filed June 21, 2005.

David Broomfield, pro se.

<u>Mark D. Petersen</u>, for respondent.

MEMORANDUM OPINION

GALE, <u>Judge</u>:  This case is before the Court on respondent's
motion to dismiss for lack of jurisdiction on the ground that the
petition was not filed within the time prescribed by section

6330(d)(1).[1]  Petitioner filed an objection to respondent's motion.  The parties then filed seriatim responses to petitioner's objection.  A hearing was held on respondent's motion.  Petitioner, who is incarcerated, did not appear but instead submitted a statement under Rule 50(c).  Respondent offered the testimony of the settlement officer who handled petitioner's request for a hearing under section 6330.  We base our findings on the facts that are not in dispute, petitioner's submissions, and various documents from petitioner's administrative file in the record.  We rely on respondent's witness's testimony only to the extent it contains admissions or establishes the foundation for admitting the material in petitioner's administrative file.

## Background

Petitioner was incarcerated at Oakhill Correctional Institution in Oregon, Wisconsin, at the time the petition was filed.

On April 30, 2002, a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, was mailed to petitioner at 3401 West Wanda Avenue, Milwaukee, Wisconsin ("Wanda Avenue address"), regarding unpaid Federal income taxes for 1991.  On

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

May 29, 2002, petitioner timely requested a hearing by filing a Form 12153, Request for a Collection Due Process Hearing, in which he listed the Wanda Avenue address as his address.

On September 4, 2002, the settlement officer assigned to petitioner's case mailed an acknowledgment letter and Appeals process flyer to petitioner at the Wanda Avenue address. An assignment letter, requesting that petitioner contact the Appeals Office to schedule a hearing, was sent to petitioner's Wanda Avenue address on September 12, 2002. After no response was received with respect to the foregoing letters, the settlement officer confirmed the Wanda Avenue address as the address of petitioner recorded on respondent's Integrated Data Retrieval System (IDRS), and sent a second assignment letter to the Wanda Avenue address on October 2, 2002, requesting that petitioner contact her by November 5, 2002. Petitioner responded to this letter by telephoning the settlement officer on November 5, 2002; they conducted a hearing over the telephone at that time.

Petitioner advised the settlement officer of his belief that he was due a refund with respect to his 1991 tax year and of his desire to file a corrected return for 1991. (Petitioner claimed to have filed previously for 1991.) Petitioner requested that the settlement officer provide him a return form for completion and filing. Petitioner further requested return forms for 1997 and 2001 so that he could become current in his filing

obligations.   In the course of this discussion, petitioner advised the settlement officer that he would be going to jail.

On the day after their telephone conversation (November 6, 2002), the settlement officer mailed a letter to petitioner at the Wanda Avenue address which enclosed return forms for 1991 and 1997 through 2001, and set a December 11, 2002, deadline for petitioner to submit completed returns for these years.

On November 14, 2002, petitioner was incarcerated in the Wisconsin State prison system.

Petitioner did not submit the completed returns or any other materials by the December 11 deadline.

On January 30, 2003, respondent mailed a notice of determination, dated January 30, 2003, regarding the proposed levy for 1991 to the Wanda Avenue address using certified mail, return receipt requested.   Respondent received a return receipt card indicating that the notice of determination was accepted at the Wanda Avenue address on January 31, 2003.   The Wanda Avenue address was also the address given in the most recent Federal income tax return that petitioner filed prior to the mailing of the notice of determination; namely, petitioner's return for 1996 received by respondent on August 21, 1997.

On March 11, 2003, the settlement officer received a letter from petitioner, dated February 28, 2003, and postmarked March 10, 2003, advising that he had been incarcerated since November

14, 2002, had had no mail forwarded to him by prison authorities, and therefore had been unable to complete the 1991 return or any of the other return forms as requested by the settlement officer. Petitioner sought a "further extension of time" to file a return for 1991. Petitioner further requested that all materials be "retransmitted" to him at Oakhill Correctional Institution, 5212 County Hwy. M, P.O. Box 938, Oregon, Wisconsin.

On March 21, 2003, 50 days after respondent mailed the notice of determination, the Court received a document from petitioner that was filed as his petition for lien or levy action. The document was in an envelope postmarked March 15, 2003. Respondent subsequently filed a motion to dismiss for lack of jurisdiction.

## Discussion

Section 6330 establishes the procedures for administrative and judicial review of actions to collect by levy. Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.

If a hearing is requested, it is held by the Internal Revenue Service Office of Appeals. Sec. 6330(b). Following the hearing, the Appeals officer will issue a written determination setting forth his findings and decisions. Sec. 301.6330-

1(e)(3)(Q&A-E8)(i), Proced. & Admin. Regs.  Section 6330(d)(1) provides that a person may, within 30 days of a determination,[2] appeal the determination to the Tax Court or, if the Tax Court does not have jurisdiction over the underlying tax liability, to a Federal District Court.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The Court's jurisdiction under section 6330 depends on the issuance of a valid notice of determination and the filing of a timely petition for review.  See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Offiler v. Commissioner, 114 T.C. 492, 498 (2000).  It follows that when a petition is not timely filed, we are obliged to dismiss the case for lack of jurisdiction.  See McCune v. Commissioner, 115 T.C. 114, 118 (2000).

In his motion, respondent argues that the petition is untimely and that the Court therefore lacks jurisdiction.  Petitioner maintains that his incarceration and subsequent transfers within the Wisconsin prison system prevented him from receiving mail from November 14, 2002, through at least March 2, 2003.  Therefore, petitioner argues that he did not receive the

---

[2] Sec. 301.6330-1(f)(1), Proced. & Admin. Regs., clarifies that this 30-day period commences on the day after the date of the notice of determination.

notice of determination with sufficient time to file a timely petition with this Court.[3]

Although, section 6330(d) does not specify the means by which the Commissioner is required to give notice of a determination made under section 6330, we have held that use of the method authorized in section 6212(a) and (b) for notices of deficiency is sufficient. Weber v. Commissioner, 122 T.C. 258, 261-262 (2004). Thus, if a notice of determination is sent by certified or registered mail to the taxpayer at his last known address, it is sufficient and valid for purposes of commencing the 30-day period in which the petition must be filed, regardless of whether the taxpayer actually receives the notice in time to petition the Court. Id. at 262-263.

---

[3] Petitioner argues in the alternative that we should extend the period for him to file his petition under Fed. R. Civ. P. 6(b). Although the Federal Rules of Civil Procedure may be instructive in the interpretation and application of our Rules, see, e.g., Evans Publg., Inc. v. Commissioner, 119 T.C. 242, 249 (2002); Estate of Fulmer v. Commissioner, 83 T.C. 302, 309 (1984), this Court is governed by its own Rules, see sec. 7453. This Court's counterpart to Fed. R. Civ. P. 6(b) is Rule 25(c). See Explanatory Note to Rule 25(c), 60 T.C. 1080. Rule 25(c) provides that the Court "in its discretion may make longer or shorter any period provided by these Rules." (Emphasis added.) Rule 25(c) then distinguishes the period "fixed by statute" within which to file a petition with the Court to redetermine a deficiency or a liability, and provides that such periods "cannot be extended by the Court." Fed. R. Civ. P. 6(b) does not address time periods fixed by statute and thus has little relevance here. Consistent with Rule 25(c), we lack authority to extend the period for filing a petition fixed by sec. 6330(d)(1).

Respondent sent the notice of determination, dated January 30, 2003, by certified mail to the Wanda Avenue address on January 30, 2003. The petition in this case was received by the Court on March 21, 2003, in an envelope postmarked March 15, 2003[4] – that is, 50 and 44 days, respectively, after the date the notice of determination was issued and mailed. Accordingly, our jurisdiction depends on whether the Wanda Avenue address was petitioner's last known address at the time the notice was mailed.

The Court of Appeals for the Seventh Circuit, where an appeal in this case would ordinarily lie, has indicated that a taxpayer's last known address is the address which in light of the circumstances the Commissioner reasonably believes is the address at which the taxpayer wishes to be reached at the time the notice of deficiency is sent. Eschweiler v. United States, 946 F.2d 45, 49-50 (7th Cir. 1991); Goulding v. United States, 929 F.2d 329, 331 (7th Cir. 1991). The Commissioner may rely on the address found in the return being audited[5] or the most recent

---

[4] See sec. 7502(a)(1) and (2)(A); Rule 25(a).

[5] The Court of Appeals for the Seventh Circuit has not adopted the position of this Court and other Courts of Appeals that the address on the taxpayer's most recently filed return generally constitutes the last known address. Instead, the address on a subsequently filed return is relevant but not dispositive concerning the last known address. Compare Ward v. Commissioner, 907 F.2d 517, 521 (5th Cir. 1990) (most recent tax return filed), revg. 92 T.C. 949 (1989); Cylcone Drilling Inc. v.
(continued...)

address in his files, unless there is "'clear and concise notification from the taxpayer directing the Commissioner to use a different address.'" Goulding v. United States, supra (quoting McPartlin v. Commissioner, 653 F.2d 1185, 1189 (7th Cir. 1981)); Eschweiler v. United States, supra; Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988).

The burden falls on the taxpayer to give clear and concise notification to the Commissioner of a change in address. Eschweiler v. United States, supra at 48; Goulding v. United States, supra at 331; Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367 (1974). The Commissioner need only exercise reasonable diligence in attempting to discover the taxpayer's last known address. Eschweiler v. United States, supra at 48. Indeed, in the view of the Court of Appeals for the Seventh Circuit, even where the Commissioner has become aware that the address obtained from the taxpayer may not be where he is currently residing, the Commissioner is entitled to use such address absent clear and concise notification from the taxpayer of a new address. Id. at 49 (even though aware that taxpayer's lease had expired for the address Commissioner used, Commissioner entitled to use such

---

[5](...continued)
Kelley, 769 F.2d 662, 664 (10th Cir. 1985)(most recent tax return filed); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984) (most recent tax return filed); Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988)(most recent tax return filed), with Eschweiler v. United States, 946 F.2d 45, 48 (7th Cir. 1991); McPartlin v. Commissioner, 653 F.2d 1185, 1190 (7th Cir. 1981).

address absent clear and concise notification by taxpayer). In determining whether the Commissioner acted with reasonable diligence to identify the taxpayer's last known address, the focus of the inquiry is the information the Commissioner had available to him at the time the notice was mailed. Follum v. United States, 128 F.3d 118, 119 (2d Cir. 1997); Eschweiler v. United States, supra at 48. Whether the Commissioner has discharged his obligation of reasonable diligence is a question to be resolved upon the facts and circumstances of each case. McPartlin v. Commissioner, supra.

When the taxpayer is incarcerated, we and other courts have generally held that the Commissioner is entitled to treat an address given in the return under audit, or in the return most recently filed, as the last known address, even where the Commissioner has some knowledge of the incarceration, absent clear and concise notification by the taxpayer that the place of incarceration or some other address should be used. See, e.g., Cohen v. United States, 297 F.2d 760 (9th Cir. 1962); Snell v. Commissioner, T.C. Memo. 1993-470, affd. without published opinion 50 F.3d 16 (9th Cir. 1995); Agustin v. Commissioner, T.C. Memo. 1992-167; Tirado v. Commissioner, T.C. Memo. 1979-448; cf. United States v. Eisenhardt, 437 F. Supp. 247 (D. Md. 1977) (last known address was place of incarceration where taxpayer advised Commissioner of place and commencement date of incarceration).

The exceptions have generally arisen where the knowledge that the Commissioner possesses regarding the taxpayer's incarceration is quite specific and there is an infirmity in the last known address on which the Commissioner seeks to rely. See DiViaio v. Commissioner, 539 F.2d 231 (D.C. Cir. 1976)(notice not sent to last known address where Commissioner aware that taxpayer had been incarcerated in Atlanta penitentiary for 2 years and mailed notice to warden there for service on taxpayer); Keeton v. Commissioner, 74 T.C. 377 (1980)(Commissioner participated in prosecution resulting in taxpayers' conviction for Federal tax crimes, therefore taxpayers' whereabouts in Federal prison system readily available to Commissioner; address on which Commissioner relied not given on returns for years involved); O'Brien v. Commissioner, 62 T.C. 543 (1974)(deficiency determined as a result of Commissioner's agent's interview of taxpayer in jail; neither address on which Commissioner relied had been provided by taxpayer).

For the reasons discussed below, we conclude that the Wanda Avenue address was petitioner's last known address when respondent mailed the notice of determination. The Wanda Avenue address was the address reported by petitioner in the last return he filed before respondent's mailing of the notice of determination; namely, his 1996 Federal income tax return, received by respondent on August 21, 1997. Moreover, petitioner

listed the Wanda Avenue address as his address on his Form 12153 submitted on May 29, 2002.[6]  See Schake v. Commissioner, T.C. Memo. 2002-262 (address listed on request for hearing considered in determining last known address for section 6330 purposes).

As the Wanda Avenue address was both the address reported in petitioner's most recently filed return and that listed in his request for a hearing under section 6330, we conclude that it was his last known address as of the commencement of his section 6330 hearing.[7]  The question becomes whether petitioner's informing the settlement officer of his pending incarceration caused any change in the address that respondent was entitled to rely on as the last known address when the notice of determination was mailed. We conclude, in the circumstances of this case, that it does not.

According to the settlement officer's case notes and correspondence with petitioner, in a telephone conference

---

[6] In addition, petitioner responded to the settlement officer's followup letter of Oct. 2, 2002, sent to the Wanda Avenue address.  We note that the settlement officer sent the Oct. 2, 2002, letter to the Wanda Avenue address only after verifying that address in respondent's computerized IDRS file listings of taxpayer addresses, as petitioner had failed to respond to two earlier letters sent to the Wanda Avenue address as followups to his request for a hearing.

[7] Because the address reported in the most recently filed return and that listed in the request for the sec. 6330 hearing were the same, we have no occasion to consider whether the last known address standard employed by the Court of Appeals for the Seventh Circuit, which accords greater weight to the address on the return currently under audit, should result in greater weight being given to the address listed on the hearing request rather than any different address in the most recently filed return.

conducted on November 5, 2002, petitioner and the settlement officer agreed that petitioner would submit tax returns for 1991 and 1997 through 2001, pursuant to a time frame that the settlement officer would establish in her letter to petitioner forwarding the necessary return forms. On November 6, 2002, the settlement officer sent petitioner a letter (at the Wanda Avenue address) forwarding the return forms and setting December 11, 2002, as the deadline for returning the completed forms. Petitioner clearly received this letter, as he references the December 11, 2002 deadline and acknowledges his agreement to submit a 1991 return by then in his various submissions to the Court. Petitioner was incarcerated on November 14, 2002, but he did not contact the settlement officer before then or, indeed, until his letter of February 28, 2003, advising of his new address at the Oakhill Correctional Institution.[8]

We do not believe petitioner was unaware that his incarceration would commence on November 14, 2002, when he spoke with the settlement officer on November 5, 2002, or when he received her November 6, 2002, letter shortly thereafter. The

---

[8] In his various submissions, petitioner has at no point claimed that he advised respondent of the date or place of his incarceration prior to his Feb. 28, 2003, letter, notwithstanding the fact that respondent claimed in support of his motion to dismiss that petitioner "did not notify respondent of a new address until March 11, 2003, when respondent's Appeals Office received * * * [petitioner's] letter dated February 28, 2003, in which petitioner notified respondent of a change of address."

settlement officer concedes that petitioner had made her aware of his pending incarceration in their November 5, 2002, conversation but claims that petitioner did not advise her of any specifics concerning the date or place. On the basis of the November 6, 2002, letter (which evidences the settlement officer's lack of awareness of petitioner's imminent incarceration), and petitioner's failure to claim otherwise,[9] we find that petitioner did not advise respondent of the date or place of his incarceration prior to his letter of February 28, 2003. Indeed, by his silence in the face of imminent incarceration, petitioner allowed the settlement officer to be misled about his whereabouts.

The caselaw concerning last known address generally places the burden on the taxpayer to apprise the Commissioner through clear and concise notification of any change of address, including circumstances where the taxpayer has been incarcerated. See Cohen v. United States, 297 F.2d 760 (9th Cir. 1962); Snell v. Commissioner, T.C. Memo. 1993-470; Agustin v. Commissioner, T.C. Memo. 1992-167; Tirado v. Commissioner, T.C. Memo. 1979-448. The rationale is that the place of incarceration may constitute a temporary place of abode, and to require the Commissioner to keep track of a taxpayer's whereabouts in these circumstances would impose an "impossible administrative burden" on him. Cohen v.

---

[9] See supra note 8.

Commissioner, supra at 773.  The exceptions to the taxpayer's burden to provide clear and concise notification have occurred where the Commissioner had at his disposal specific information concerning the whereabouts of an incarcerated taxpayer.  See DiViaio v. Commissioner, 539 F.2d 231 (D.C. Cir. 1976); Keeton v. Commissioner, 74 T.C. 377 (1980); O'Brien v. Commissioner, 62 T.C. 543 (1974).

Here, petitioner does not allege, and we do not find, that he notified respondent that he wished any correspondence to be sent to him at his place of incarceration prior to respondent's mailing the notice of determination on January 30, 2003.  While petitioner informed the settlement officer that he would be going to jail, this information "was not of sufficient clarity and precision to fulfill petitioner's duty of providing clear and concise notice of a definite change of address."  Tirado v. Commissioner, supra.  Moreover, there is no allegation or suggestion that respondent had some other means of knowing the specifics of petitioner's incarceration, such that petitioner might be relieved of his duty to provide clear and concise notification of any change in address.  Keeton v. Commissioner, supra, is instructive.  In that case, the Commissioner had participated in the prosecution that led to the taxpayer's conviction for Federal tax crimes.  Thus, we concluded that the Commissioner knew the taxpayer was in Federal prison and could

have readily ascertained his whereabouts.  Similarly, in DiViaio v. Commissioner, supra, on which petitioner relies, the Commissioner's knowledge of the taxpayer's place of incarceration was patent, as the Commissioner mailed the notice of deficiency to the warden at the Federal penitentiary in Atlanta for service on the taxpayer.  Here, there is no allegation or suggestion that respondent knew, at the time the notice of determination was mailed, whether petitioner was in the Federal or State penal system, much less the precise location where petitioner was incarcerated.  Finally, we note that the notice of determination mailed on January 30, 2003 to petitioner at the Wanda Avenue address was accepted there on January 31, 2003, which suggests that petitioner had made arrangements to receive mail there and intended for mail to be sent there.  See Snell v. Commissioner, supra.

We accordingly hold that petitioner's last known address when the notice of determination was mailed was the Wanda Avenue address, to which the notice was mailed on January 30, 2003.  The notice was therefore sufficient to commence the 30-day period within which petitioner could appeal the determination to the Tax Court under section 6330(d).  Weber v. Commissioner, 122 T.C. 258, 261-262 (2004).  As the petition was postmarked on March 15, 2003 and delivered to the Court on March 21, 2003, or 44 and 50 days, respectively, after the issuance and mailing of the notice

of determination, we are obliged to grant respondent's motion to dismiss for lack of jurisdiction.  <u>Sarrell v. Commissioner</u>, 117 T.C. 122 (2001); <u>McCune v. Commissioner</u>, 115 T.C. 114 (2000).

To reflect the foregoing,

<u>An order of dismissal</u>

<u>for lack of jurisdiction</u>

<u>will be entered</u>.