T.C. Memo. 2009-202

UNITED STATES TAX COURT

SONNY G. LEWIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29685-07L.                    Filed September 9, 2009.

Sonny G. Lewis, pro se.

<u>Alisha M. Harper</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, <u>Judge</u>:  Pursuant to sections 6320 and 6330(d),[1]

petitioner seeks review of respondent's determination to sustain

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

the notice of Federal tax lien filing for tax years 2001 and 2003. We must decide whether respondent's Appeals Office correctly upheld the filing of a notice of Federal tax lien with respect to petitioner's 2001 and 2003 Federal income tax liabilities.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Kentucky at the time the petition was filed.

In or about 1974, while residing in Illinois, petitioner attended a meeting where the attendees were told that they did not have to pay Federal income tax. After this petitioner stopped filing Federal income tax returns.

As was petitioner's practice, he did not file income tax returns for 2001 and 2003. On the basis of income information reported to respondent on various Forms W-2, Wage and Tax Statement, and a Form 1099-INT, Interest Income, from third-party payors, respondent prepared and filed substitutes for returns for petitioner for both years pursuant to section 6020(b) using a filing status of single. Respondent calculated petitioner's income as $45,045 for 2001 and $50,915 for 2003.

Respondent sent to petitioner notices of deficiency, dated October 17, 2005, for 2001 and 2003. The notices of deficiency

were sent to an address in Romeoville, Illinois, which, according to respondent's records, was petitioner's last known address. In the notices of deficiency respondent determined deficiencies in income tax and additions to tax as follows:

| | | Additions to Tax | | |
|------|------------|---------------|---------------|----------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654 |
| 2001 | $6,957 | $1,565.32 | [1]$1,391.40 | $275.30 |
| 2003 | 7,588 | 1,707.30 | [1]607.04 | 195.79 |

[1] The final amount of the addition to tax per sec. 6651(a)(2) could not be determined at the time the notice of deficiency was issued, but an addition to tax of 0.5 percent would be imposed for each month, or fraction thereof, of nonpayment, up to 25 percent, based upon the liability shown or the final determined liability, if less.

Petitioner did not petition this Court in response to the notices of deficiency, and, on March 13, 2006, respondent assessed the income tax deficiencies for 2001 and 2003.

On June 20, 2007, respondent sent to petitioner at his current address in Kentucky a Letter 3172(DO), Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, for petitioner's 2001 and 2003 Federal income tax liabilities. Petitioner timely requested a collection due process (CDP) hearing to challenge the underlying tax liabilities.

On November 20, 2007, respondent's settlement officer Julius Hollowell (Settlement Officer Hollowell) conducted a telephone conference with petitioner. During the telephone conference petitioner told Settlement Officer Hollowell that the Internal Revenue Service (IRS) broke the law by filing substitutes for

returns on his behalf.  Settlement Officer Hollowell asked petitioner whether he was recording the conference and petitioner replied:  "yes-always."  Settlement Officer Hollowell then advised petitioner that he would have to disconnect the call and a determination would be made on the account, after which the call was ended.

On December 3, 2007, respondent sent to petitioner at his current address in Kentucky a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  On December 26, 2007, petitioner filed a petition with the Court asserting that:  Respondent filed a lien on the basis of "faulty procedures"; the notices of deficiency were not mailed to him; if the notices of deficiency were mailed, they were not sent to his last known address; and he had been denied a CDP hearing.

On April 4, 2008, respondent filed a motion for remand in the light of respondent's concession that the notices of deficiency were not sent to petitioner's current address and to give petitioner an opportunity to challenge the underlying tax liabilities.  By order dated April 16, 2008, the Court granted respondent's motion for remand.

By letter dated June 24, 2008, respondent's Appeals collection specialist advised petitioner that if he disagreed with the substitutes for returns respondent prepared, then he should send to respondent copies of his 2001 and 2003 returns.

In the letter the Appeals collection specialist also requested that petitioner file Federal income tax returns for 2002, 2004, 2005, 2006, and 2007.

On August 11, 2008, respondent's settlement officer Suzanne L. Magee (Settlement Officer Magee) was assigned to petitioner's case. The following day Settlement Officer Magee spoke with petitioner and scheduled a supplemental CDP hearing in the form of a face-to-face conference on August 19, 2008. On August 13, 2008, Settlement Officer Magee sent a letter to petitioner, wherein she: Confirmed the face-to-face conference; requested original Forms 1040, U.S. Individual Income Tax Return, for 2001 and 2003; and advised petitioner that in order to discuss collection alternatives petitioner had to file Federal income tax returns for 2002, 2004, 2005, 2006, and 2007 and provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals.

During the August 19, 2008, supplemental CDP hearing petitioner was given the opportunity to challenge the underlying tax liabilities for 2001 and 2003. Petitioner stated to Settlement Officer Magee that he had received the notices of deficiency; nevertheless, additional copies of the notices of deficiency and other account transcripts were provided to petitioner. Instead of challenging the underlying tax liabilities on any substantive ground, petitioner continued to

question whether the substitutes for returns were legal. Settlement Officer Magee explained to petitioner that he needed to decide whether to accept the liabilities as determined or provide original returns. Settlement Officer Magee further advised petitioner that she would hold the case for a week to give him time to decide whether to file original returns. Petitioner stated that he would not be filing any returns, and he did not do so. Petitioner did not submit a completed Form 433-A nor offer any collection alternatives. Settlement Officer Magee verified that the requirements of any applicable law or administrative procedure had been met, including that the notices of deficiency had been sent to petitioner's last known address on October 17, 2005. Consequently, on September 8, 2008, respondent issued a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the filing of the notice of Federal tax lien for 2001 and 2003.

OPINION

Collection Review Procedure

Where a taxpayer fails to pay any Federal income tax liability after notice and demand, section 6321 imposes a lien in favor of the United States on all the property of the delinquent taxpayer and section 6323(f) authorizes the IRS to file notice of the lien.

Section 6320(a)(1) provides that the Commissioner shall notify in writing any person liable to pay tax (the taxpayer) of the filing of a tax lien upon the taxpayer's property. The notice must inform the taxpayer of the right to request a hearing in the Commissioner's Appeals Office. Sec. 6320(a)(3)(B), (b)(1). Section 6330(c), (d), and (e) governs the conduct of a hearing requested under section 6320. Sec. 6320(c).

At the hearing the taxpayer may raise any relevant issues relating to the unpaid tax, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may also challenge the existence or amount of the underlying tax liability, but only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the liability. Sec. 6330(c)(2)(B). In addition to considering issues raised by the taxpayer under section 6330(c)(2), the Appeals officer must also verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1), (3).

Standard of Review

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000). Where the underlying tax liability is not properly at issue, the Court will

review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

By order dated April 16, 2008, the Court remanded this case to respondent's Appeals Office for the purpose of conducting a supplemental hearing to consider petitioner's challenge to the underlying liabilities for 2001 and 2003. Consequently, petitioner was afforded the opportunity to challenge the underlying tax liabilities during the supplemental CDP hearing.

Substitutes for Returns

Section 6020(b) authorizes the Commissioner to prepare a return on behalf of a taxpayer who fails to file a return. Millsap v. Commissioner, 91 T.C. 926, 931 (1988). More specifically, section 6020(b)(1) provides:

> SEC. 6020. RETURNS PREPARED FOR OR EXECUTED BY SECRETARY.
>
> (b) Execution of Return by Secretary.--
>
> (1) Authority of secretary to execute return.--If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor * * * the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

Section 6020(b)(2) provides: "Any return so made and subscribed by the Secretary shall be prima facie good and sufficient for all legal purposes."

The Notices of Deficiency

"The Commissioner must send a notice of deficiency to the taxpayer before he may assess, collect, or reduce to judgment most income tax liabilities." Clayton v. Commissioner, T.C. Memo. 2009-114 (citing United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984)). Under section 6212(b)(1), a notice of deficiency mailed to a taxpayer's last known address is valid even if it is never received. Wiley v. United States, 20 F.3d 222, 224 (6th Cir. 1994); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).

Section 301.6212-2(a), Proced. & Admin. Regs., defines a taxpayer's last known address as "the address that appears on the taxpayer's most recently filed and properly processed Federal tax return, unless the * * * (IRS) is given clear and concise notification[2] of a different address." Moreover, the burden falls on the taxpayer to give clear and concise notification to the Commissioner of an address change. Broomfield v. Commissioner, T.C. Memo. 2005-148.

In or about 1974 petitioner stopped filing Federal income tax returns. At the time respondent mailed the notices of deficiency petitioner's address in respondent's records was in

_____

[2] Clear and concise notification of an address change may be provided to the IRS either orally or in writing. See Westphal v. Commissioner, T.C. Memo. 1992-599; see also Rev. Proc. 2001-18, sec. 4.05, 2001-1 C.B. 708, 708-709.

Romeoville, Illinois.  The notices of deficiency were prepared and sent in due course to the Romeoville, Illinois, address. Petitioner has neither testified nor proffered any documentary evidence to establish that he had given respondent any notification of an address change.  Furthermore, petitioner has not denied having resided at the Romeoville, Illinois, address. Accordingly, we hold that the address to which respondent sent the notices of deficiency, i.e., the Romeoville, Illinois, address, was petitioner's last known address at the time the notices of deficiency were sent.

We are satisfied that the Appeals officer properly verified that the requirements of any applicable law or administrative procedure were met, that petitioner offered no viable collection alternatives, and that the Appeals officer did not abuse her discretion in sustaining the notice of lien filing.

Underlying Tax Liability

Petitioner testified that respondent did not have all the necessary information to assess the correct tax liability, namely, his correct filing status and "other interest deductions", but provided no evidence on these points.

With respect to a taxpayer's filing status, this Court has held:

> [I]n situations where deficiency procedures are availed of and a taxpayer has not filed a return, the taxpayer may file a return and contest respondent's filing status determination, even though respondent has "filed" a substitute return under section 6020(b), in which filing status has been "elected" by respondent. * * * [Millsap v. Commissioner, supra at 937.]

The circumstances in this case reflect that petitioner did not file a return for either 2001 or 2003. Petitioner was afforded an opportunity to challenge the underlying tax liability during the supplemental CDP hearing. Petitioner was also given an opportunity to provide original returns for 2001 and 2003, but he failed to do so. Furthermore, Settlement Officer Magee held the case for an additional week to allow petitioner an added opportunity to file returns for 2001 and 2003. Petitioner, however, did not file any returns.

With respect to petitioner's claimed "other interest deductions", deductions are a matter of legislative grace, and the taxpayer bears the burden of proving his entitlement to a deduction. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Petitioner has not produced any testimonial or documentary evidence to establish his eligibility for "other interest deductions."

Accordingly, we uphold respondent's determination to sustain the notice of lien filing.  In reaching our holding, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.