T.C. Memo. 2012-325

UNITED STATES TAX COURT

JOHN T. MINEMYER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17269-11L.                    Filed November 27, 2012.

John T. Minemyer, pro se.

<u>Dennis Richard Onnen</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment filed under Rule 121.[1]  Pursuant to sections 6320(c) and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue
Code of 1986, as amended, and all Rule references are to the Tax Court Rules of

(continued...)

[*2] 6330(d), petitioner seeks judicial review of respondent's determination to proceed with the collection of petitioner's 2005 tax liability by lien and by levy. For the reasons stated herein, the Court will grant respondent's motion for summary judgment as to the determination sustaining the lien and shall dismiss for lack of jurisdiction as to the levy.

Background

In 2009 petitioner pleaded guilty to tax evasion under section 7201 for tax years 2000 and 2001 and was sentenced to 12 months in prison.[2] On September 18, 2009, before going to prison, petitioner filed his 2005 Federal income tax return and reported on the return that his address was in Mills, Wyoming (Wyoming address).[3] Petitioner did not pay his self-reported tax liability, and, on November 30, 2009, his unpaid tax liability plus penalties and interest were assessed. On December 1, 2009, petitioner began his one-year sentence at the U.S. penitentiary in Florence, Colorado (Florence, Colorado, address).

---

[1](...continued)
Practice and Procedure.

[2]United States v. John T. Minemyer, No. 08-cr-160-MSK (D. Colo. Oct. 8, 2009) (termination judgment entered).

[3]Petitioner claims that he was required to file his 2005 return as part of his plea agreement and in order to receive a more lenient sentence.

[*3]    On March 15, 2010, respondent sent petitioner by certified mail a Final

Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice)

regarding his unpaid Federal income tax for 2005.  Respondent used the Wyoming

address.  On April 13, 2010, respondent was notified that the levy notice was

refused or not claimed.  Shortly thereafter, on April 25, 2010, petitioner's address in

respondent's records was updated to an address in Colorado Springs, Colorado

(Colorado Springs address).[4]  Respondent did not reissue or resend the levy notice.

On July 16, 2010, respondent issued a notice of levy to petitioner's bank.[5]  In

August 2010 petitioner received a copy of the notice of levy from a former

girlfriend.[6]  It was the first time he was aware of the levy.

On September 23, 2010, respondent sent petitioner by certified mail a Notice

of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320

---

[4]Petitioner contends that he never changed his address with the Internal
Revenue Service (IRS).  On his 2002 and 2003 Federal income tax returns also filed
in 2009 petitioner had used the Colorado Springs address.

[5]The notice of levy demanded that the bank transfer $167,608.78, petitioner's
outstanding 2005 tax liability plus penalties and interest, to the Department of the
Treasury, Internal Revenue Service.  In response to the levy, the bank withdrew
$1,064.57 plus a $35 processing fee from petitioner's account.

[6]Petitioner's address on his bank account was the same Wyoming address
reported on his 2005 return.  The bank sent a copy of the notice of levy to
petitioner's Wyoming address, which was then received by petitioner's former
girlfriend and forwarded to him in prison.

**[*4]** (lien notice) to the Colorado Springs address. Petitioner's former spouse, who resides at the Colorado Springs address, forwarded the lien notice to him. On October 6, 2010, petitioner submitted a request for a collection due process hearing (CDP hearing) for both the levy and lien notices. He claimed, among other things, that he did not owe tax for 2005 because he had four years of losses that would offset his tax liability. Petitioner's address on the CDP hearing request was in Springfield, Missouri, and respondent updated petitioner's address of record accordingly. By the end of November 2010 petitioner was released from prison.

Before the hearing, the settlement officer for respondent's Office of Appeals (Appeals) requested that petitioner provide, among other things, a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and signed income tax returns for 2006 through 2009. The settlement officer informed petitioner that if he intended to file an amended return for 2005, he had to do so before the hearing. In addition, the settlement officer reminded petitioner that he had to file all outstanding Federal income tax returns to be eligible for alternative collection methods, such as an offer-in-compromise.

[*5] Petitioner sent the settlement officer a Form 433-A[7] with bank statements attached but did not file an amended return for 2005 or income tax returns for 2006 through 2009.

On June 3, 2011, the settlement officer held a telephone hearing with petitioner that covered the lien and levy notices. Because the settlement officer determined that petitioner's hearing request was timely for the lien notice but was late for the levy notice, petitioner received a CDP hearing for the former and an equivalent hearing for the latter. During the hearing the settlement officer allowed petitioner to discuss his underlying liability for 2005. Petitioner claimed that he had heavy losses that would offset his 2005 tax liability, but he did not provide the settlement officer with an amended return for 2005 or documentation supporting his losses. According to petitioner, he could neither afford to hire a return preparer nor was qualified to prepare an amended return.

Petitioner also disputed the settlement officer's determination that his CDP hearing request for the levy notice was untimely. Petitioner argued that respondent did not properly notify him of notice and demand for payment and the

---

[7]The Form 433-A was dated January 12, 2010, and listed an address in Kimberling City, Missouri. At his CDP hearing, petitioner agreed that the correct date for the Form 433-A was January 12, 2011.

**[\*6]** intent to levy.  Similarly, petitioner argued that the lien notice was improperly sent to the Colorado Springs address.

When the discussion turned to collection alternatives, petitioner insisted that he had no income or assets to pay his outstanding tax liability or to pay an accountant to prepare his outstanding returns.[8]  The settlement officer noted that according to information statements sent to the IRS, petitioner received income during 2006 through 2009.  Also, in his Form 433-A petitioner listed his income as $1,291 and total living expenses of $766 and reported that he was a self-employed consultant earning approximately $32.50 per hour.  The settlement officer advised petitioner that if he did not have the financial means to prepare his returns, he could self-file and seek assistance from a low-income tax clinic or the IRS.  The settlement officer further advised petitioner that he would be ineligible for collection alternatives if he did not file his outstanding returns.

On July 5, 2011, Appeals sent petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330 (decision letter) upholding the levy notice and the subsequent levy.  Appeals also issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or

---

[8]Petitioner filed a patent infringement claim against a distributor who purportedly copied his patented product.  Because of purported patent infringement, petitioner maintains that he is destitute.

**[*7]** 6330 (notice of determination) upholding the lien notice. Petitioner timely filed a petition with the Court.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment only if there is no genuine dispute as to any material fact. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The moving party must prove that no genuine dispute as to any material fact exists and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). In deciding whether to grant summary judgment, the Court considers the facts, and the inferences drawn from the facts, in a light most favorable to the nonmoving party. See id. The nonmoving party, however, may not rest upon the mere allegations or denials of such party's pleadings but must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Michael v. Commissioner, 133 T.C. 237, 240-241 (2009).

## I. Jurisdiction

Neither petitioner nor respondent has moved or argued that the Court lacks jurisdiction. However, to the extent that petitioner is seeking review of the

[*8] decision letter pursuant to section 6330(d), the Court must address whether it has jurisdiction.

The Tax Court is a court of limited jurisdiction and may exercise that jurisdiction only to the extent authorized by Congress. Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The Court's jurisdiction under sections 6320 and 6330 depends upon the issuance of a valid notice of determination and the filing of a timely petition for review. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001). In certain circumstances, a decision letter issued to the taxpayer in response to a timely request for a collection hearing may be treated as a notice of determination conferring jurisdiction to the Court under section 6330(d). See, e.g., Craig v. Commissioner, 119 T.C. 252, 259 (2002).

The issuance of a notice of determination for a proposed levy requires the Commissioner to send notice of intent to levy to the taxpayer, sec. 6331(d), and a written notice to the taxpayer of his or her right to a hearing, sec. 6330(a). The taxpayer must request an administrative hearing within 30 days of receiving the notice. Sec. 6330(a)(3). Therefore, the Court may lack jurisdiction with respect to the levy notice if: (1) petitioner never received a valid notice of intent to levy, or (2) petitioner filed his CDP hearing request after the 30-day period. See, e.g., Kennedy v. Commissioner, 116 T.C. 255, 261 (2001). Although both would result

**[\*9]** in dismissal with respect to the levy notice, dismissal on the grounds that petitioner never received a valid notice of intent to levy would affect whether respondent can proceed with collection. See id.

Section 6330(a)(2) provides that the Commissioner must deliver the notice of intent to levy and the taxpayer's right to a hearing by: (1) giving the notice to the taxpayer in person, (2) leaving the notice at the dwelling or usual place of business of the taxpayer, or (3) sending the notice by certified or registered mail to the taxpayer's last known address. Respondent sent the levy notice by certified mail to petitioner's purported last known address, the Wyoming address.

As a general rule, a taxpayer's "last known address" is the address shown on his or her most recently filed tax return. Sec. 301.6212-2(a), Proced. & Admin. Regs. If, however, the Commissioner becomes aware of a different address, he may not rely on the address listed on the last filed tax return but must exercise reasonable care and diligence to ascertain and mail the notice to the taxpayer's correct address. Pyo v. Commissioner, 83 T.C. 626, 633 (1984).

When determining whether the Commissioner mailed a notice to a taxpayer's last known address, the relevant inquiry is what the Commissioner knew at the time the notice was issued, attributing to him information which he knows, or should know, rather than what may, in fact, be the taxpayer's most

**[*10]** current address.  Id.; Buffano v. Commissioner, T.C. Memo. 2007-32.  In cases of a taxpayer's incarceration, the Court has held that the Commissioner is entitled to treat an address given in the return most recently filed as the last known address, even if the Commissioner has some knowledge of the incarceration, absent clear and concise notification by the taxpayer that the place of incarceration or some other address should be used.  See Broomfield v. Commissioner, T.C. Memo. 2005-148.  If, however, the Commissioner's knowledge regarding the taxpayer's incarceration is tax related and there is an infirmity in the last known address on which the Commissioner seeks to rely, then the Commissioner may not rely on the taxpayer's address reported on his most recently filed return.  Id.

In 2009 petitioner was convicted and sentenced to prison for criminal violation of the Federal income tax laws.  Respondent was involved with the investigation and prosecution of petitioner and was therefore aware of his "convictions, sentences, incarceration, and changes of address."  See Keeton v. Commissioner, 74 T.C. 377, 383 (1980).  Accordingly, respondent was on notice that petitioner did not reside at the Wyoming address reported on his 2005 return and, consequently, was required to exercise reasonable care and diligence in ascertaining petitioner's correct address.  See id.  In light of the facts and

**[*11]** circumstances in this case, the Court holds that petitioner's last known address was the Florence, Colorado, address.

In March 2010, however, respondent sent the notice of intent to levy to petitioner at his Wyoming address, the address reported on petitioner's most recently filed return. The levy notice was returned as not deliverable. Instead of contacting the Department of Justice or the Federal prison and probation authorities to obtain petitioner's prison address, respondent proceeded to collect by levy. Respondent's lack of any effort to ascertain and mail the notice to petitioner's correct address, which was easily available to respondent, demonstrates a failure to exercise reasonable care and diligence. As a result, the Court finds that respondent did not send the notice of intent to levy to petitioner at his last known address as is required by section 6330(a)(2), and the notice was therefore invalid. See, e.g., Buffano v. Commissioner, T.C. Memo. 2007-32.

Accordingly, the portion of this case purporting to be a petition for review pursuant to section 6330(d) will be dismissed for lack of jurisdiction on the ground that respondent did not make a determination pursuant to section 6330 because respondent failed to send the written notice prescribed by section 6330(a)(2) to petitioner at his last known address. See Kennedy v. Commissioner, 116 T.C. at 261; see also Buffano v. Commissioner, T.C. Memo. 2007-32.

[*12] II.  Lien Notice

Section 6321 provides that if any person liable to pay any tax neglects or refuses to do so after demand, the amount shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.  Section 6320(a) requires the Commissioner to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter.  See Katz v. Commissioner, 115 T.C. 329, 333 (2000).  At the hearing, the taxpayer may raise any relevant issue relating to the unpaid tax or lien, including collection alternatives such as an offer in compromise.  Sec. 6330(c)(2).  A taxpayer is precluded, however, from challenging the existence or amount of the underlying tax liability unless the taxpayer did not receive a notice of deficiency for the tax liability in question or did not otherwise have an opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following the hearing, Appeals issues a notice of determination.  In making a determination, Appeals is required to take into consideration:  (1) the verification presented by the Commissioner that the requirements of any applicable law and administrative procedure have been met, (2) the relevant issues raised by the taxpayer, and (3) whether the proposed collection action

**[\*13]** appropriately balances the need for efficient collection of taxes with the taxpayer's concerns regarding the intrusiveness of the proposed collection action. Sec. 6330(c)(3).

Taxpayers who disagree with Appeals' determination may seek judicial review by appealing to this Court. Sec. 6330(d). Where the underlying tax liability is properly at issue, the Court reviews any determination of the underlying tax liability de novo. Sego v. Commissioner, 114 T.C. at 610. The Court reviews all other determinations of Appeals for abuse of discretion. Lunsford v. Commissioner, 117 T.C. 183, 185 (2001). Appeals abuses its discretion if its determination was arbitrary, capricious, or without sound basis in fact or law. See, e.g., Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

Petitioner self-filed his 2005 return. He did not receive a notice of deficiency or otherwise have an opportunity to dispute the underlying liability and is therefore allowed to contest his 2005 income tax liability. See Montgomery v. Commissioner, 122 T.C. 1, 9 (2004). Petitioner mainly argues that he does not owe tax for 2005 because he has four years of heavy losses that will offset his 2005 tax liability. Petitioner, however, has yet to file an amended return reporting those losses. When the settlement officer invited petitioner to file an amended

**[\*14]** 2005 return, he declined to do so, stating that he could not afford an accountant to prepare his return and was not qualified to do so himself. Thus, while petitioner is entitled to challenge the underlying tax liability, he has presented no evidence that his self-reported 2005 tax liability is incorrect. Accordingly, his underlying tax liability remains as petitioner reported it.

Having established that petitioner's tax liabilities were as determined by respondent under the Court's de novo review standard, the Court will now review respondent's determination to proceed with collection for abuse of discretion. Petitioner requested a lien withdrawal, contending that the lien was premature and without due process and proper notification. Petitioner also argued that a lien withdrawal would allow him to pay his tax liability sooner because the lien and levy were interfering with his business operations and his ability to complete his lawsuit. Section 6323(j)(1)(A) and (C) allows for withdrawal of liens that were filed prematurely. Section 6323(j)(1)(C) also allows for lien withdrawal if it would facilitate collection. The settlement officer verified that petitioner's 2005 tax liability was properly assessed and that notice and demand was issued to petitioner's last known address, the Colorado Springs address reported to the IRS

[*15] in April 2010.[9]  The settlement officer therefore properly determined that the lien was not filed prematurely.  In addition, the settlement officer determined that petitioner, who earned wages during the tax years in issue that have not been reported, provided no evidence that removing the lien would facilitate collection.  Accordingly, the settlement officer did not abuse his discretion in determining that the filing of the lien was appropriate.

Finally, petitioner claimed, among other things, that he could not pay his tax liability and that his account was uncollectible.  He also requested an installment agreement or an offer-in-compromise.  On his Form 433-A, however, petitioner listed his income as $1,291 and total living expenses of $766.  Petitioner also reported that he was a self-employed consultant earning $32.50 per hour.  Nonetheless petitioner persisted in arguing that he could not afford to file his outstanding returns.  Without petitioner's filing his outstanding returns and meeting certain other financial requirements, the settlement officer could not consider collection alternatives, and not doing so was not an abuse of discretion.

---

[9]Petitioner claims that respondent did not send the lien notice to his last known address.  However, petitioner received the lien notice in time to request a CDP hearing, and, on June 3, 2011, respondent provided petitioner with a CDP hearing to contest the lien notice.  Therefore, the lien notice was properly issued for purposes of respondent's notice of determination.  See, e.g., Stein v. Commissioner, T.C. Memo. 2004-124.

[*16] See Giamelli v. Commissioner, 129 T.C. 107, 111-112 (2007); Nelson v. Commissioner, T.C. Memo. 2009-108.

The settlement officer verified that the legal and administrative requirements for filing the lien had been met and considered whether the lien notice properly balanced collection efficiency with intrusiveness. The Court therefore concludes that respondent satisfied the requirements of section 6330(c) and did not abuse his discretion in sustaining the notice of Federal tax lien for tax year 2005. Respondent's determination as to the lien for 2005 is sustained.

The Court has considered the parties' remaining arguments and, to the extent not discussed above, concludes that they are irrelevant, moot, or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.