133 T.C. No. 10


UNITED STATES TAX COURT



ANTHONY G. MICHAEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 21341-07L.          Filed October 8, 2009.



     R assessed return preparer penalties of $35,000 under
sec. 6694(b), I.R.C., against P in June 1995 for taxable
years 1989, 1990, and 1991.  P paid $5,250, the equivalent
of 15 percent of the assessed sec. 6694, I.R.C., penalties,
and R credited $1,000 toward 1989, $4,250 toward 1990, and
nothing toward 1991.  P filed a refund claim with the IRS,
which was denied, and then commenced a suit for refund.

     In August 1997 the parties to the refund suit reached a
settlement agreement in which P agreed to pay $15,500 in
satisfaction of his liabilities, minus the $5,250 payments
already made plus interest under the settlement.  P's agreed
liability for 1989 was $250.  P did not pay the amount due
under the settlement agreement.  In April 2005 R issued a
notice of intent to levy based on the assessment.  P
requested and received a CDP hearing in which the settlement
officer determined that P was entitled to a reduction in
accordance with the settlement agreement.

On Aug. 22, 2007, R issued a notice of determination upholding the levy for taxable years 1989, 1990, and 1991.

R has filed a motion for summary judgment. P alternatively argues: (1) This Court lacks jurisdiction to sustain the levy; (2) R failed to make a valid assessment; (3) R failed to issue a notice and demand for payment for the settlement amount; and (4) a genuine issue of material fact exists.

Held: R's determination to sustain the levy for 1989 was an abuse of discretion because the facts show that petitioner has overpaid his tax liability for that year according to the terms of the settlement agreement.

Held, further, R did not abuse his discretion with respect to the levy for the taxable years 1990 and 1991 and is entitled to summary judgment for the taxable years 1990 and 1991 as a matter of law because a levy is a permissible means for R to collect the amount in the settlement agreement.

David A. Salim, for petitioner.

A. Gary Begun, for respondent.

OPINION

GOEKE, Judge: This matter is before the Court on respondent's motion for summary judgment pursuant to Rule 121.[1] The issue we must decide is whether respondent abused his discretion in sustaining a levy to collect tax preparer penalties under section 6694 for 1989, 1990, and 1991. Petitioner opposes respondent's motion for summary judgment and argues that the

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

Court should grant summary judgment in his favor.  For the reasons set forth below, we shall grant summary judgment in petitioner's favor for the taxable year 1989 and grant respondent's motion for summary judgment for the taxable years 1990 and 1991.

Background

At the time the petition was filed, petitioner resided in Michigan.

In June 1995 respondent assessed tax preparer penalties under section 6694(b) against petitioner of $1,000 per return for recklessly or intentionally disregarding rules and regulations with respect to 35 returns as follows:

| Year | Returns at Issue | Penalty Sec. 6694 |
|------|------------------|-------------------|
| 1989 | 1 | $1,000 |
| 1990 | 25 | 25,000 |
| 1991 | 9 | 9,000 |
| Total | 35 | 35,000 |

Respondent assessed the penalties with statutory interest and issued to petitioner statutory notices of assessment and demand for payment.  See sec. 6303(a).  Petitioner paid $5,250 or 15 percent of the assessed section 6694 penalties, which he was required to pay to file a refund claim.  See sec. 6694(c)(1).  The Internal Revenue Service (IRS) credited $1,000 toward 1989 and $4,250 toward 1990.  The IRS did not credit any portion of petitioner's payment toward 1991.  The IRS's crediting of

petitioner's $5,250 payment did not reflect his intended allocation to the years at issue as reflected on Form 6118, Claim of Income Tax Return Preparers. Petitioner filed a refund claim for each year at issue, which respondent denied.

Petitioner commenced a refund suit in the District Court for the Eastern District of Michigan alleging that he was not liable for the section 6694(b) penalty for any of the years at issue. The United States filed a counterclaim to collect the unpaid balance of the section 6694(b) penalty assessments. In August 1997 the parties reached a settlement in which petitioner agreed to pay the section 6694(b) penalty for a portion of the 35 returns and to pay a section 6694(a) penalty of $250 per return for the remainder of the 35 returns for an understatement of tax liability due to a position that does not have a realistic possibility of being sustained on the merits. In total, petitioner agreed to pay $15,500 in section 6694 penalties minus any payments already made plus interest (the settlement agreement) allocated as follows:

| Year | No. Returns Subject to Sec. 6694(a) | No. Returns Subject to Sec. 6694(b) | Penalties | |
|------|-------------------------------------|-------------------------------------|-----------|---|
| | | | Sec. 6694(a) | Sec. 6694(b) |
| 1989 | 1 | 0 | $250 | -0- |
| 1990 | 19 | 6 | 4,750 | $6,000 |
| 1991 | 6 | 3 | 1,500 | 3,000 |

The parties read the terms of the settlement into the court record at the final pretrial conference. The District Court dismissed the complaint with prejudice. The District Court's dismissal order stated that "either party may reopen the matter within sixty (60) days of the date of this order to enforce the settlement agreement." Petitioner did not pay the amount due under the settlement agreement, and the Government did not seek to reopen the case within the 60-day enforcement period.

On April 13, 2005, respondent issued a notice of intent to levy for the years at issue to petitioner for amounts based on the original assessments. The levy notice did not reflect the terms of the settlement agreement. On May 5, 2005, respondent received petitioner's request for a collection due process hearing (CDP hearing). At the CDP hearing petitioner argued that the assessments are invalid because the District Court dismissed the Government's counterclaim in the refund suit with prejudice, the parties did not enter a decision document in the refund suit, and respondent failed to issue to petitioner a notice and demand for payment that was based on the terms of the settlement agreement. Petitioner did not propose any collection alternatives during the CDP hearing.

Following the CDP hearing, the settlement officer determined that petitioner is entitled to a reduction in the amounts assessed against him in accordance with the terms of the

settlement agreement. The settlement officer incorrectly
allocated the $15,500 settlement agreement to the years at issue
as follows:

| Year | Returns | Penalty |
|------|---------|---------|
| 1989 | 4 | $1,000 |
| 1990 | 28 | 11,500 |
| 1991 | 3 | 3,000 |
| Total | 35 | 15,500 |

The settlement officer requested an adjustment to the assessments
against petitioner for 1990 and 1991 to reflect the settlement
agreement. The record establishes that petitioner's payment
credited to 1989 exceeds his agreed-upon 1989 penalty. On August
22, 2007, respondent issued a notice of determination for the
taxable years 1989, 1990, and 1991 that granted relief from the
levy in part and sustained the levy in part.

## Discussion

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials. Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988). The Court may grant
summary judgment where there is no genuine issue of material fact
and a decision may be rendered as a matter of law. Rule 121(a)
and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520
(1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party
bears the burden of proving that there is no genuine issue of
material fact and the Court will view any factual inferences in a
light most favorable to the nonmoving party. Dahlstrom v.

<u>Commissioner</u>, 85 T.C. 812, 821 (1985).  Under Rule 121(d), where the moving party properly makes and supports a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts, by affidavits or otherwise "showing that there is a genuine issue for trial."

Respondent has conceded that petitioner is not liable for the amount of the original assessments in excess of the amount in the settlement agreement.  Petitioner challenges respondent's authority to collect the settlement amount by levy.  Petitioner is not entitled to challenge the merits of his liability for the section 6694 penalties because he had an opportunity to dispute his liability in the refund suit.  See sec. 6330(c)(2)(B); <u>Farley v. Commissioner</u>, T.C. Memo. 2004-168.  Where the underlying tax liability is not properly at issue, the Court reviews the administrative determination regarding the collection action for abuse of discretion.  <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).  The abuse of discretion standard requires the Court to decide whether the Appeals officer's determination was arbitrary, capricious, or without sound basis in fact or law.  <u>Mailman v. Commissioner</u>, 91 T.C. 1079, 1084 (1988).

Upon issuance of a notice of levy, a taxpayer is entitled to an administrative hearing before an impartial officer or employee of the Appeals Office. Sec. 6330(b). At the hearing a taxpayer may raise any relevant issue regarding the collection action, including possible collection alternatives. Sec. 6330(c)(2)(A). Following a CDP hearing, the Appeals officer must determine whether to proceed with the collection action, after verification that the requirements of applicable law and administrative procedure have been met, considering any relevant issues the taxpayer raised and whether the collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Sec. 6330(c)(3). The settlement officer assigned to petitioner's case determined that all requirements of applicable law and administrative procedure were met, including that respondent made the assessments pursuant to section 6201 and mailed a notice and demand for payment to petitioner at his last known address within 60 days of the assessments pursuant to section 6303.

Petitioner argues that respondent abused his discretion in sustaining the levy for the years at issue. Petitioner argues: (1) The Court lacks jurisdiction to sustain the levy; (2) respondent failed to make a valid assessment against petitioner; (3) respondent failed to issue a notice and demand for payment

for the settlement amount; and (4) a genuine issue of material fact exists because respondent failed to provide the settlement agreement in support of his summary judgment motion.

I.   Jurisdiction Argument

Petitioner argues that the Court lacks jurisdiction to sustain respondent's levy action because the District Court dismissed the Government's counterclaim for collection with prejudice and this Court lacks jurisdiction to enforce the terms of the settlement agreement, citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).  In Kokkonen, the Supreme Court held that when a Federal District Court dismisses a case with prejudice upon the basis of a settlement agreement in a nontax case, the parties must bring an action for enforcement of the settlement in State court rather than resorting to the District Court for enforcement where the District Court did not retain jurisdiction to enforce the settlement.  Id. at 382.  The District Court in petitioner's refund action limited the parties' right to seek enforcement through the District Court to 60 days.

Section 6330(d) grants this Court exclusive jurisdiction to review appeals from all section 6330 determinations made after October 16, 2006, irrespective of the type of tax making up the underlying tax liability.  Sec. 6330(d)(1); Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120 Stat. 1019; see Ginsberg v. Commissioner, 130 T.C. 88, 92 (2008).  In a levy

action under section 6330, the Court's jurisdiction depends on the issuance of a notice of determination and the taxpayer's timely filing of a petition. See Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001). The Government's counterclaim in the refund suit does not preclude the Court's having jurisdiction to review section 6330 determinations. The statutory collection remedies available to the Commissioner are separate from the Government's right to counterclaim for unpaid taxes in a refund action. Except as may be required by the application of estoppel principles, the District Court's dismissal of the refund action with prejudice on the basis of the settlement agreement does not render the administrative statutory collection remedies unavailable. See secs. 6321, 6331. Nor does the District Court's retention of jurisdiction for the 60-day enforcement period eliminate respondent's right to statutorily created collection remedies such as a levy. Sec. 6331(a). Accordingly, we hold that the Court has jurisdiction to review respondent's determination to sustain the levy and to determine whether respondent may collect the unpaid section 6694 penalties by levy.

II. Validity of Assessment Argument

Respondent's levy notice was based on the original assessments. Petitioner argues that the levy is not based on a valid assessment. According to petitioner, the settlement

agreement invalidated the original assessments, and respondent did not make a new assessment to reflect the terms of the settlement agreement. Petitioner does not argue that the levy notice was otherwise invalid.

Deficiency procedures do not apply to section 6694 penalties. Sec. 6696(b). The assessments at issue were valid when made. Petitioner does not argue that the original assessments were arbitrary or without sound basis in fact.

Petitioner's argument is unconvincing. An assessment is not invalid because the liability is afterwards reduced by settlement. Section 6404(a)(1) authorizes the Secretary to abate the unpaid portion of the assessment of any tax to the extent the assessment may be excessive.

The reference in section 6404(a) to abating a portion of an assessment implies that abatement is not an all-or-nothing proposition. If a penalty under section 6694(a) or (b) concerning a return or claim for refund has been assessed against a preparer, and if it is established at any time in a final administrative determination or a final judicial decision that only a portion of the assessment is valid, then the excess assessment must be abated. If an amount of the abated assessed penalty was paid, that amount must be refunded, as if the payment

were an overpayment of tax, without consideration of any period of limitations. Sec. 1.6694-1(d), Income Tax Regs.

Section 301.6325-1(a), Proced. & Admin. Regs., provides that a lien shall be released when the entire liability has been satisfied and the lien has become legally unenforceable. Section 6325 does not apply because petitioner's liability has not been fully satisfied.

An incorrect assessment is not void. When a court is faced with an incorrect but otherwise valid assessment, the proper course is not to void the assessment but to determine what, if anything, the taxpayer owes the Government. See Helvering v. Taylor, 293 U.S. 507 (1935). As long as the assessment had any foundation, the assessment would not be void. See Burns v. United States, 974 F.2d 1064, 1066 (9th Cir. 1992); United States v. Schroeder, 900 F.2d 1144, 1148-1149 (7th Cir. 1990).

Respondent was not required to issue a second or supplemental assessment based on the terms of the settlement agreement. See sec. 6204 (granting the Commissioner authority to issue supplemental assessments); sec. 6404 (granting the Commissioner authority to abate an assessment); sec. 1.6694-1(d), Income Tax Regs. (requiring abatement of the assessment of a section 6694 penalty where it is established that there was no understatement of tax liability). The statutory requirement that

the Commissioner abate the excessive amount of the assessment clearly implies that the valid portion of the assessment will stand. Accordingly, we hold that the assessments are valid and provide a basis for the levy action.

III. Notice and Demand Argument

Petitioner argues that the IRS failed to provide notice and demand for payment of petitioner's agreed-upon tax liability pursuant to the settlement agreement. Section 6331 authorizes the IRS to collect unpaid assessments by levy where the taxpayer fails to pay any tax liability within 10 days after notice and demand for payment. The failure to provide the statutory notice and demand may bar administrative collection actions such as a levy. United States v. Berman, 825 F.2d 1053, 1060 (6th Cir. 1987); see also United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989). Section 6303 requires the Secretary to give notice and to demand payment within 60 days of assessment by leaving the notice and demand at the taxpayer's dwelling or usual place of business or mailing it to the taxpayer's last known address. See sec. 1.6694-4(a)(2), Income Tax Regs. (requiring notice and demand upon the assessment of section 6694 penalties); sec. 1.6696-1(a)(1), Income Tax Regs. Failure to provide notice and demand within the 60-day period does not invalidate an otherwise valid assessment. Sec. 301.6303-1(a), Proced. & Admin. Regs.

Respondent issued to petitioner the notice and demand for payment based on the original assessment as required by section 6303(a) on June 9, 1995. There is no requirement for respondent to issue a second notice and demand for payment based on the terms of the settlement agreement. See sec. 7122 (relating to compromises of tax liability). Petitioner was not prejudiced by not receiving a second notice and demand for payment because he had an opportunity to contest the assessments on the merits. Petitioner entered into the settlement agreement with full knowledge that his liability was reduced to $15,500. Because respondent satisfied the assessment and notice and demand requirements, we reject petitioner's argument that section 6331 forbids respondent to collect the unpaid section 6694 penalties by levy.

IV. Failure To Provide Settlement Agreement Argument

Petitioner argues that the Court should deny respondent's summary judgment motion because respondent failed to provide a transcript of the settlement agreement, creating a genuine issue of material fact for trial. In support of the motion for summary judgment, respondent presented the District Court's transcript of the pretrial conference where the parties entered the terms of the settlement on the record. We find this evidence sufficient to establish the terms of the settlement agreement. Petitioner has not set forth specific facts with respect to the terms of the

settlement agreement that show a genuine issue of material fact exists for trial. Bare allegations will not avoid summary judgment. <u>Rauenhorst v. Commissioner</u>, 119 T.C. 157, 176 (2002). In addition, petitioner's allegations that respondent failed to provide his entire administrative file in response to his request under the Freedom of Information Act does not necessitate a denial of respondent's summary judgment motion since petitioner has not set forth specific facts that create a genuine issue of material fact for trial.[2]

We hold that respondent's determination to sustain the levy for 1989 was an abuse of discretion because the facts show that on the basis of the terms of the settlement agreement, petitioner has overpaid his tax liability for that year. Accordingly, we shall deny respondent's motion for summary judgment for the

_____

[2]The petition raised the statute of limitations as a defense. However, petitioner did not raise the statute of limitations in his response to respondent's summary judgment motion. The Commissioner may collect an unpaid tax liability by levy within 10 years after the assessment. Sec. 6502(a)(1). A CDP request suspends the running of the period of limitations for collection while the hearing and any appeals thereof are pending. Sec. 6330(e)(1); see also sec. 6694(c)(3). Respondent assessed the sec. 6694 penalties on June 9, 1995. Respondent received petitioner's request for a CDP hearing on May 5, 2005, suspending the 10-year limitations period as of that date. Accordingly, the statute of limitations does not bar respondent from collecting petitioner's tax liability. Petitioner's filing of the refund action in District Court would also suspend the running of the period of limitations. See sec. 6694(c)(1), (3).

taxable year 1989 and grant summary judgment in petitioner's favor for the taxable year 1989.

We find that respondent did not abuse his discretion with respect to the levy for the taxable years 1990 and 1991.  We hold that there is no dispute of material fact with respect to the taxable years 1990 and 1991, and respondent is entitled to summary judgment for the taxable years 1990 and 1991 as a matter of law.[3]

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[3]In petitioner's response to respondent's motion for summary judgment, petitioner contends that the Court should grant costs and attorney's fees to petitioner.  We shall deny this request.