HAROLD RAY STANLEY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Stanley v. Comm'r of Internal Revenue
Docket No. 5096-10L.
United States Tax Court
2011 U.S. Tax Ct. LEXIS 71; 2012-2 U.S. Tax Cas. (CCH) P50,627; November 21, 2011, Entered
*71 Elizabeth Crewson Paris, Judge.
Elizabeth Crewson Paris
ORDER AND DECISION
The petition in this case asks the Court to review, pursuant to section 6330 (d) (1),[1] respondent's determination to proceed with a collection of petitioner's unpaid Federal income tax, additions to tax, and interest for 2006 by levy. Before the Court are three motions: (1) Respondent's motion for summary judgment under Rule 121; (2) respondent's motion to impose sanctions on petitioner pursuant to section 6673; and (3) petitioner's motion for summary judgment under Rule 121. Based on the following, the Court grants respondent's motion for summary judgment, and denies petitioner's motion for summary judgment. The respondent's motion to impose sanctions is denied.
Background
Petitioner did not file an income tax return for tax year 2006. As a result, respondent prepared a substitute for return, see sec. 6020(b), and on August 25, 2008, sent petitioner a Form 4549, Income Tax Examination Changes, showing an amount due. The address used to mail the form was 10707 E 240th, Peciliar,[2]Missouri *72 64078-8473 (Peciliar address).
Petitioner returned the form to respondent with "Accepted for Value Exempt from Levy * * * Deposit to the U.S. Treasury and charge the same to HAROLD R STANLEY" written on page 2 and enclosed a completed Form 1040-V, Payment Voucher for 2006, without payment.
Again, on October 14, 2008, respondent mailed the Form 4549 to the same address and petitioner returned the form with the Consent to Assessment and Collection box signed. On respondent's letter accompanying the form petitioner circled the amount due ($104,262.16) and underneath it wrote "ACCEPTED Harold R. Stanley Oct 27, 2008". Petitioner also enclosed a completed payment voucher and a mock "Money Order" made payable to the "United States Treasury".
On November 4, 2008, respondent sent petitioner a notice of deficiency determining an income tax deficiency and additions to tax for the 2006 tax year. Respondent mailed the notice to the Peciliar address and confirmed the mailing by relying on Form 4340, Certificate of Assessments, Payments, and other Specified Matters, and on a Substitute U.S..Postal *73 Service (USPS) Form 3877. Petitioner did not file a petition with the Court.
Because petitioner signed the Consent to Assessment and Collection box on Form 4549, respondent assessed petitioner's 2006 tax liability on November 24, 2008. On July 6, 2009, sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice). To date, petitioner has not paid his 2006; tax liability.
Petitioner timely filed a Form 12153 requesting a collection due process (CDP) hearing. Petitioner provided the following reason for his request: "Lawful settlement previously instructed multiple times. No timely notice of lawful insufficiency: silence=acquiescence."
Enclosed with the Form 12153 were a completed payment voucher, the levy notice, and a letter explaining the foregoing. On the levy notice petitioner wrote "Accepted for Value and Returned for Value" and on both the levy notice and payment voucher he wrote "For Settlement, Closure and Setoff" adjacent to his signature. In his letter petitioner cited to "U.C.C. 3-603" claiming that the "filled out voucher" was "tender payment" and, as such, respondent had "72 hours * * * to disagree with appropriate disproof of the validity *74 of this transaction."
Respondent's Office of Appeals (Appeals) assigned petitioner's case to Settlement Officer L. Silva (SO Silva) who scheduled a telephone conference for November 24, 2009. By letter dated October 2, 2009, SO Silva advised petitioner that he must file a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation and pay delinquent estimated taxes for 2009 in order to be eligible for collection alternatives. On November 3, 2009, SO Silva and petitioner spoke by telephone. During this conversation, SO Silva asked petitioner if he received the notice of deficiency; petitioner said that he did.
In letters to SO Silva dated November 23 and 25, 2009, petitioner continued to insist that his tax liability was settled because respondent failed to respond to "multiple settlement documents". Petitioner also claimed that the Internal Revenue Service issued fraudulent statements, denied petitioner opportunities "required by IRS procedures" to protest the existence and the amount of his tax liabilities, and omitted "supporting documents in assessing alleged tax liabilities". According to petitioner, respondent must verify *75 that all notices were timely mailed and received and such verification requires proof other than computer entries, such as a copy of "Postal Form 3877", and disclosure of the identity and authority of the notice preparer.
During the CDP hearing on November 24, 2009, petitioner repeated his claim that his account was settled and refused to answer SO Silva's question whether he received the notice of deficiency. Petitioner neither proposed collection alternatives nor complied with SO Silva's instructions to file a Form 433-A and pay delinquent estimated taxes for 2009.
On January 22, 2010, Appeals issued a Notice of Determination Concerning Collection Action(s) Under section 6320 and/or 6330 sustaining respondent's proposed levy. Petitioner appealed respondent's decision by filing a petition with the Court on February 26, 2010. Before answering the petition respondent filed a motion to dismiss for failure to state a claim and to impose a penalty under section 6673. The Court denied respondent's motion in an order dated April 23, 2010; however, the Court admonished petitioner that he may be subject to a penalty under section 6673 to the extent his allegations raised are frivolous or primarily for delay. Following respondent's *76 answer, respondent and petitioner each filed a motion for summary judgment and a response thereto. Respondent filed a motion for sanctions pursuant to section 6673.
Discussion
The Court may grant summary judgment if the pleadings and other acceptable materials show that there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C..518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). Either party may file a motion for summary judgment. Rule 121(a). The moving party, however, bears the burden of proving that no genuine issues of material fact exist. Id.; see also FPL Group, Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). The. Court will view factual inferences in a light most favorable to the nonmoving party, but the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Michael v. Commissioner, 133 T.C. 237, 240-241 (2009).
The Court generally declines to refute frivolous arguments "with somber reasoning and copious citation of precedent". Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). There is an unlimited number of potential frivolous anti-tax arguments, many of which are patently frivolous. Wnuck v. Commissioner, 136 T.C. 498, 501 (2011) (slip op. at 2). Most frivolous arguments have already been answered and these answers often fall on deaf ears. Id. at 502 (slip op. at 3). Moreover, to address frivolous tax-protestor arguments "might suggest that these arguments possess some degree of colorable merit." Grunsted v. Commissioner, 136 T.C. 21 (2011). Such *77 is the case here.
In his petition and the attachments thereto petitioner lists a number of incoherent and frivolous arguments. Chief among these is petitioner's claim that he "settled the alleged tax liability on multiple occasions" because the respondent failed to reply to petitioner's marked-up Forms 4549, completed payment vouchers, and mock money order. To support this claim petitioner cites to the Uniform Commercial Code (U.C.C.), an area of law that is irrelevant to this case. See, e.g., Williamson v. Commissioner, T.C. Memo 2009-188. Furthermore, there is no authority that supports taxpayer's claim that writing "Accepted for Value" on his correspondence with respondent and enclosing a payment voucher with a fake money order settles an outstanding tax liability.
Petitioner's additional challenges (e.g., proof other than computer entries that all notices were timely mailed and received) are similarly groundless and mimic standard tax-protestor arguments that are consistently rejected and sanctioned by the Court. See, e.g., Craig v. Commissioner, 119 T.C. 252 (2002) (appeals officer was not required to rely on a particular document to satisfy the verification requirement of section 6330(c) (1)); Williams v. Commissioner, T.C. Memo. 2008-173 (taxpayer was not entitled to see proof that he received the notice and demand letter); Schroeder v. Commissioner, T.C. Memo. 2002-190 *78 (TXMOD-A transcript was sufficient for verification). Instead of addressing each argument, the Court will review Appeals' determination to proceed with the proposed levy under the provisions of section 6330. See sec. 6330(d) (1).
A taxpayer cannot challenge the existence or amount of the underlying tax liability if the taxpayer receives a statutory notice of deficiency or otherwise had an opportunity to dispute the underlying tax liability. Sec. 6330 (c) (2) (B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). In such a case, the Court reviews Appeals' determination for an abuse of discretion. Michael v. Commissioner, supra at 241. Abuse of discretion exists if the Appeals officer's determination was arbitrary, capricious, or without sound basis in fact or law. Id.
Although petitioner denies receiving the notice of deficiency, the record does not support his position. Before his CDP hearing, petitioner told SO Silva that he received the notice of deficiency. In addition, SO Silva verified that petitioner received the notice of deficiency by relying on a Form 4340 and USPS Form 3877. See, e.g., Craig v. Commissioner, supra; D'Arcy v. Commissioner, T.C. Memo. 2011-213.[3] *79 Petitioner is therefore precluded from challenging his underlying tax liability for 2006 and the Court reviews Appeals' determination for abuse of discretion.
SO Silva verified that the legal and administrative procedural requirements of applicable law were met and that the proposed levy action appropriately balanced the need for the efficient collection of taxes with petitioner's concerns for intrusiveness. See sec. 6330(c). For the reasons provided above, SO Silva properly addressed petitioner's issues relating to his unpaid taxes and determined that petitioner had a balance due. See sec. 6330(c) (3) (B). The Court concludes that Appeals satisfied the determination requirements of section 6330(c) (3) and did not abuse its discretion in sustaining the proposed levy.
Next, the Court reviews respondent's motion to impose a penalty under section 6673(a) (1). Section 6673(a) (1) authorizes the Court to require a taxpayer who has instituted or maintained a proceeding primarily for delay, or whose position is frivolous or groundless, to pay a penalty of up to $25,000 to the United States. See *80 Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000). The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled tax principles. See Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986).
By filing a motion for summary judgment on the same grounds as his petition, the Court finds that petitioner was undeterred by the Court's order dated April 23, 2010, specifically admonishing petitioner that his allegations appeared to be frivolous and if continued could be subject to a penalty. However, because petitioner has not previously petitioned this Court, and therefore has not been subject to an order and decision finding his position frivolous, the Court will not grant respondent's motion to impose sanctions under section 6673. Petitioner should take note that any future petitions reflecting the same arguments will be closely scrutinized in regard to potential penalties.
The Court has considered petitioner's remaining arguments and, to the extent not discussed above, concludes that they are irrelevant, moot, or without merit.
Accordingly, the Court will grant respondent's motion for summary judgment and deny petitioner's motion for summary judgment.
To reflect the foregoing, it is
ORDERED that respondent's motion for summary judgment, filed December 29, 2010, is granted. It is further *81 ORDERED that petitioner's motion for summary judgment, filed January 24, 2011, is denied. It is further
ORDERED that respondent's motion to impose sanctions under I.R.C. section 6673, filed February 18, 2011, is denied. It is further
ORDERED and DECIDED that respondent may proceed with the collection action as determined in the Notice of Determination Concerning Collection Action dated January 22, 2010, for the 2006 taxable year.
/s/ Elizabeth Crewson Paris
Judge
ENTERED: NOV 21 2011
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The correct spelling is Peculiar. In his correspondence with respondent, petitioner used the correct spelling.↩
3. Even though respondent misspelled petitioner's city, using "Peciliar" instead of "Peculiar", petitioner's response to the Forms 4549 demonstrates that he received mail sent to the Peciliar address. Thus, the error was inconsequential. See, e.g., Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Sebastian v. Commissioner, T.C. Memo. 2007-138↩ (an error in the address used to mail a notice of deficiency is inconsequential where the error is so minor that it did not prevent delivery of the notice).