# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-3848

_____

Harold R Stanley

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from United States Tax Court

_____

Submitted: June 30, 2015
Filed: July 2, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Harold Stanley appeals after the tax court[1] entered a decision upholding the Commissioner's assessment of tax deficiencies and penalties he owed for the 2010 and 2011 tax years. He argues (1) that the tax court erroneously failed to construe

_____

[1]The Honorable Joseph W. Nega, United States Tax Court Judge.

one of his filings as a motion to vacate or revise, under Tax Court Rule 162, and (2) that the tax court erred in its liability determinations, because his wages were not subject to federal income taxation. The Commissioner urges affirmance, and has moved for sanctions against Stanley in the amount of $8,000.

Upon careful review, we first conclude that the filing at issue, even when liberally construed, did not manifest Stanley's intent to revise or to vacate the court's decision because, among other reasons, he did not reference any order entered by the tax court, nor did he cite Rule 162. See Tax Ct. R. 50 (application to court for order shall be by motion in writing, which shall state with particularity grounds therefor and shall set forth relief or order sought); Tax Ct. R. 162 (motion to vacate or revise decision). We further conclude that the tax court's liability determinations were proper. See Morehouse v. Comm'r, 769 F.3d 616, 619 (8th Cir. 2014) (this court reviews tax court's conclusions of law de novo, and its findings of fact for clear error); see also 26 U.S.C. § 61(a)(1) (gross income means all income from whatever source derived, including compensation for services); United States v. Gerads, 999 F.2d 1255, 1256 (8th Cir. 1993) (per curiam) (wages are within definition of income under Internal Revenue Code and Sixteenth Amendment, and are subject to taxation). Accordingly, we affirm. See 8th Cir. R. 47B.

We also conclude that sanctions are appropriate in this case. See 28 U.S.C. § 1912; Fed. R. App. P. 38; Gerards, 999 F.2d at 1256-57. Accordingly, we grant the Commissioner's motion for sanctions in the amount of $8,000.

_____