T.C. Memo. 2016-26

UNITED STATES TAX COURT

HAROLD RAY STANLEY, Petitioner <u>v</u>. COMMISSIONER
OF INTERNAL REVENUE, Respondent

ELLEN LORANE STANLEY, Petitioner <u>v</u>. COMMISSIONER OF
INTERNAL REVENUE, Respondent

Docket Nos. 7238-13L, 7301-13L.          Filed February 17, 2016.

Harold Ray Stanley and Ellen Lorane Stanley, pro sese.

<u>William F. Castor</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  These consolidated cases were commenced in response to

two Notices of Determination Concerning Collection Action(s) Under Section

[*2] 6320 and/or 6330.[1]  The Internal Revenue Service (IRS) sent a notice of determination to Harold Ray Stanley for his outstanding tax liabilities, sustaining: (1) a proposed lien with respect to his unpaid tax for tax years 2005, 2006, 2007, 2008, and 2009, and (2) a proposed levy with respect to his unpaid tax for 2005, 2007, 2008, and 2009.  The case at docket No. 7238-13L arises from a petition filed in response to the notice sent to Mr. Stanley.

The IRS sent a separate notice of determination to Ellen Lorane Stanley with respect to her joint outstanding tax liabilities for tax years 2007 and 2008, sustaining a proposed lien and levy.  The case at docket No. 7301-13L arises from a petition filed in response to the notice sent to Mrs. Stanley.  These cases were consolidated for trial and opinion.  Separate decisions will be issued.

The issues for decision are:  (1) whether petitioners may challenge the underlying liabilities; (2) whether the settlement officer abused his discretion in sustaining the proposed lien and levy actions; (3) whether Mrs. Stanley is entitled to relief from joint and several liability (innocent spouse relief); and (4) whether Mr. Stanley is liable for a penalty under section 6673(a)(1).

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times.

[*3]                     FINDINGS OF FACT

I.  Mr. Stanley

For 2005 and 2006 Mr. Stanley failed to file his Federal income tax returns. Pursuant to section 6020(b)(1), respondent filed substitutes for returns for both years and sent Mr. Stanley notices of deficiency to his last known address by certified mail.  Mr. Stanley failed to file a petition with the Court challenging the notices of deficiency.

Previously, in docket No. 5096-10L, Mr. Stanley challenged respondent's determination to proceed with collection by levy of his unpaid Federal income tax, additions to tax, and interest, for the 2006 tax year.  The Court found that Mr. Stanley had received his 2006 notice of deficiency and therefore was precluded from raising the underlying liability.  The Court rejected as incoherent and frivolous Mr. Stanley's arguments:  (1) that he settled the tax liability under the Uniform Commercial Code and (2) that a payment was made by writing "accepted for value" on a payment voucher.  We also warned Mr. Stanley that any similar arguments in the future may subject him to a penalty under section 6673.  The Court's Order and Decision was affirmed by the Court of Appeals for the Eighth Circuit.  Stanley v. Commissioner, T.C. Dkt. No. 5096-10L (Nov. 11, 2011) (order and decision), aff'd per order, No. 1914-12 (8th Cir. Oct. 15, 2012).

**[\*4]**  For 2007 and 2008 Mr. and Mrs. Stanley filed joint Federal income tax returns but failed to pay the tax shown as due.  Mr. Stanley filed his 2009 return as married filing separately but failed to pay the tax shown as due.

Respondent subsequently sent Mr. Stanley a Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) for years 2005, 2007, 2008, and 2009.  Respondent also sent a Notice of Federal Tax Lien Filing and Your Right to a Hearing under I.R.C. 6320 (NFTL) to Mr. Stanley for years 2005, 2006, and 2009 and sent an NFTL addressed to both Mr. and Mrs. Stanley for 2007 and 2008.

On August 29, 2012, Mr. Stanley timely mailed to respondent a Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which he requested a hearing with respect to the NFTL for 2005, 2006, and 2009.  Also on August 29, 2012, Mr. Stanley timely mailed another Form 12153 to respondent requesting an administrative hearing with respect to the NFTL and the levy notice for 2005, 2007, 2008, and 2009.  Mr. Stanley's overlapping Forms 12153 do not specify which NFTL but together cover all of the proposed collection actions and years.  On the Forms 12153 Mr. Stanley did not check any of the boxes indicating he was requesting a collection alternative or innocent spouse relief.  Instead he wrote on the forms that the "tax liabilities * * * [are] settled per U.C.C. * * *

[*5] [Uniform Commercial Code]" and "2006 * * * [is] currently before 8th Circuit Court of Appeals case 12-9134".

On October 15, 2012, Settlement Officer Melcher (SO Melcher) wrote to Mr. Stanley scheduling a telephonic administrative hearing for October 31, 2012. In the letter SO Melcher informed Mr. Stanley he could not review the 2006 underlying liability. SO Melcher requested that Mr. Stanley send within 14 days of the letter: (1) a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; (2) signed Federal income tax returns for 2010 and 2011; (3) proof of estimated tax payments for 2010, 2011, and 2012; (4) bank statements for the last three months; (5) assets with current valuations; (6) any substantiation that the 2006 liability has been settled in the Court of Appeals; and (7) his proposed resolution.

On October 29, 2012, Mr. Stanley wrote a letter to SO Melcher informing him that the "2006 liabilities were pending in the 8th Circuit Court of Appeals". Also, Mr. Stanley wrote: "Attached are copies of documents responding to presentments from the I.R.S. for the subject tax years. No original signed document has been returned by the I.R.S., and no notice of dishonor identifiable with these documents has been received from the I.R.S. The liabilities therefore stand settled under the Uniform Commercial Code". Mr. Stanley attached Forms

[*6] 1040-V, Payment Voucher, and reminder notices for years 2005 through 2009 to the letter. On the Forms 1040-V he wrote "pay to the United States Treasury", and on the reminder notices he wrote "accepted for value and returned for value".

On October 31, 2012, SO Melcher and Mr. Stanley had a telephonic administrative hearing during which Mr. Stanley stated: (1) he did not wish to discuss a collection alternative; (2) he did not receive notices of deficiency for any of the years in issue; and (3) he had made payments to the IRS in satisfaction of his outstanding tax liabilities. Mr. Stanley also verified his address and that he had lived at the address for at least the past five years.

During the administrative hearing SO Melcher: (1) informed Mr. Stanley that the documents he mailed to the IRS did not constitute payments; (2) asked Mr. Stanley whether he had copies of any checks or verifications of debits from a bank account showing payment; (3) gave Mr. Stanley a week to submit any such proof of actual payment; and (4) informed Mr. Stanley that Mr. Stanley had attached the 2009 notice of deficiency to the documents he had mailed to SO Melcher on October 29, 2012.

Mr. Stanley informed SO Melcher that he did not have copies of any checks or verifications of debits from a bank account showing payment. Mr. Stanley also verified that he had not sent in the financial information that SO Melcher

[*7] requested in the October 15, 2012, letter. Nor did he send in proof of payment that SO Melcher requested during the telephonic hearing. On February 25, 2013, the Appeals Office issued a notice of determination and a decision letter sustaining the collection actions.[2]

On February 26, 2014, respondent filed a Motion for Remand because the administrative record did not include a complete record of Mr. Stanley's 2008 and 2009 Federal income tax. On May 19, 2014, the Appeals Office issued a supplemental notice of determination sustaining the collection actions on the basis of the administrative record as supplemented.

On June 4, 2015, respondent filed a Motion to Impose a Penalty under section 6673. On June 8, 2015, Mr. Stanley filed a Motion for Damages requesting that he be "compensated for damages to his personal and working reputation caused by unlawful levy action during pendency of * * * [Mr. Stanley's] previous case regarding * * * [the] tax year 2006 before the Court of Appeals for the 8th Circuit". On July 1, 2015, the Court issued an order denying Mr. Stanley's Motion for Damages.

---

[2] Respondent conceded that petitioners timely filed their Forms 12153 and that the decision letter should be treated as a notice of determination.

[*8] Previously, in docket No. 5341-13, Mr. Stanley challenged respondent's notice of deficiency and additions to tax for the 2010 and 2011 tax years. He argued that the Government did not have the authority to tax his labor and reimbursed expenses. The Court rejected his arguments as frivolous and without merit and sustained respondent's notice of deficiency and determination of additions to tax. Stanley v. Commissioner, T.C. Dkt. No. 5341-13 (Apr. 8, 2014) (bench opinion), aff'd per order, No. 3848-14 (8th Cir. July 2, 2015). In affirming the decision the Court of Appeals for the Eighth Circuit also imposed sanctions of $8,000 under 28 U.S.C. sec. 1912.

II. Mrs. Stanley

On July 25, 2012, respondent issued to Mrs. Stanley a levy notice for 2007 and 2008. On August 9, 2012, as described above, respondent issued to both Mr. and Mrs. Stanley an NFTL for 2007 and 2008. On August 20, 2012, in response to the NFTL and the levy notice, Mrs. Stanley timely mailed two Forms 12153. On the Forms 12153 Mrs. Stanley did not check any of the boxes requesting a collection alternative. Instead, she checked a box requesting innocent spouse relief and wrote that she had "no income for 2007 or 2008". She did not attach the required Form 8857, Request for Innocent Spouse Relief.

[*9]   On October 15, 2012, SO Melcher wrote to Mrs. Stanley scheduling a telephonic administrative hearing for October 31, 2012.  SO Melcher requested that Mrs. Stanley send within 14 days of the letter:  (1) a completed Form 433-A; (2) signed Federal income tax returns for 2010 and 2011; (3) proof of estimated tax payments for 2010, 2011, and 2012; (4) bank statements for the last three months; (5) copies of 2007 and 2008 Federal income tax returns; and (6) her proposed resolution.

By a letter dated October 29, 2012, Mrs. Stanley replied to SO Melcher informing him that she had received "no taxable income for 2007 and 2008".  Mrs. Stanley attached to the letter copies of the collection notices for 2007 and 2008 and wrote "refused for cause[,] no taxable income for this entity".

During the October 31, 2012, administrative hearing Mrs. Stanley stated that (1) she did not receive notices of deficiency; (2) she voluntarily signed and filed the joint 2007 and 2008 tax returns; (3) she did not have income for 2007 and 2008; and (4) she "filed an injured spouse claim".

SO Melcher explained that she could not make an injured spouse claim because it applied only to an overpayment of tax.  Mrs. Stanley did not send in any of the requested financial information nor did she discuss a collection alternative

[*10] or raise an innocent spouse (as distinct from injured spouse) claim at the administrative hearing.

On February 25, 2013, the Appeals Office issued a notice of determination and a decision letter sustaining the collection actions against Mrs. Stanley. On February 26, 2014, respondent filed a Motion for Remand because the administrative record did not include a complete record of Mrs. Stanley's 2008 Federal income tax. On May 19, 2014, the Appeals Office issued a supplemental notice of determination sustaining the collection actions on the basis of the administrative record as supplemented.

OPINION

I. Statutory Framework

Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights. See also sec. 6321. Additionally, the Secretary must notify the taxpayer of his or her right to an administrative hearing. Sec. 6320(a)(3)(B) and (C).

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the

**[*11]** Secretary must notify the taxpayer of the Secretary's intention to levy. Sec. 6331(d)(1). The Secretary also must notify the taxpayer of his or her right to an administrative hearing. Sec. 6330(a)(1).

The taxpayer may request an administrative hearing by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal the determination to this Court. Sec. 6330(d)(1).

## II. Standard of Review

Where the validity of the underlying tax liability is properly at issue, the Court reviews the Commissioner's determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the underlying tax liability is not properly at issue, the Court reviews the Commissioner's determination for abuse of discretion. Id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

## III. Underlying Liability

A taxpayer may challenge the underlying tax liability during an administrative hearing if the taxpayer did not receive a statutory notice of

**[\*12]** deficiency for the liability or did not otherwise have the opportunity to dispute the liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 8-9 (2004) (holding that taxpayers are allowed to challenge the underlying liability where taxpayers self-assessed their underlying liability and did not receive a notice of deficiency). This Court may consider such a challenge, however, only if the taxpayer properly raised it before the settlement officer. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007). An issue is not properly raised at the administrative hearing if the taxpayer fails to request Appeals consideration of the relevant issue or if he or she requests Appeals consideration but fails to present any evidence after being given a reasonable opportunity to do so. McRae v. Commissioner, T.C. Memo. 2015-132, at \*8-\*9 (holding that the taxpayer failed explicitly to contest his underlying liability during the administrative hearing and failed to provide any evidence concerning his liability); see secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

### A. Mr. Stanley

#### 1. 2005 and 2009 Tax Years

The Court's determination of whether a taxpayer has received a notice of deficiency so as to preclude a challenge to the underlying liability under section

**[\*13]** 6330(c)(2)(B) is made "[o]n the preponderance of the evidence". See Sego v. Commissioner, 114 T.C. 604, 611 (2000). When not rebutted by the taxpayer, the presumptions of official regularity and of delivery may establish that the statutory notice was delivered to the taxpayer. See Garrett v. Commissioner, T.C. Memo. 2015-228, at \*9.

The Commissioner bears the burden of proving by competent and persuasive evidence that the notice of deficiency was properly mailed. See Coleman v. Commissioner, 94 T.C. 82, 90 (1990). In appropriate circumstances a U.S. Postal Service Form 3877 is sufficient to show that a notice of deficiency was sent and delivery was attempted. See Campbell v. Commissioner, T.C. Memo. 2013-57, at \*10.

Mr. Stanley denies receiving the notices of deficiency for 2005 and 2009, but we do not find his self-serving statements credible, and the record does not support his position. The record, including a Form 3877, shows that respondent mailed to Mr. Stanley at his last known address by certified mail the notice of deficiency for 2005. He failed to present evidence at trial, other than his self-serving statements which we did not find creditable, that would overcome the presumption of delivery created by the Form 3877. Further, Mr. Stanley attached the notice of deficiency for 2009 to a letter he mailed to SO Melcher contradicting

**[*14]** his denial of receipt of that notice of deficiency.  The express language of section 6330(c)(2)(B) therefore bars Mr. Stanley from challenging his underlying tax liabilities for 2005 and 2009.

### 2. 2006 Tax Year

In docket No. 5096-10L, the Court found that Mr. Stanley was precluded from challenging the underlying liability for 2006.  That finding applies equally here.  See Commissioner v. Sunnen, 333 U.S. 591, 598 (1948) (holding that a judgment relating to liability for a particular tax year is res judicata as to the same claim and the same tax year); see also sec. 6330(b)(2) (limiting a taxpayer to one hearing per taxable period).  Therefore, Mr. Stanley is precluded from challenging the underlying liability for 2006.

### 3. 2007 and 2008 Tax Years

Petitioners jointly filed returns for 2007 and 2008 but failed to pay the tax shown as due for those years.  Because petitioners did not receive a notice of deficiency for 2007 or 2008 or have an opportunity to dispute the underlying liabilities, they may dispute them in challenging the collection action.  See Montgomery v. Commissioner, 122 T.C. at 8-9.

A taxpayer's claim to have paid an income tax liability arising from an otherwise unchallenged assessment might be viewed as a challenge to the

**[\*15]** existence or the amount of that liability within the meaning of section 6330. See, e.g., Landry v. Commissioner, 116 T.C. 60, 62 (2001). According to Mr. Stanley, the underlying liabilities for 2007 and 2008 were paid in full upon his submission of documents to the IRS. But the documents Mr. Stanley submitted do not constitute payment under section 6311(a) and its corresponding regulation. Nothing else in the record shows that the underlying liabilities have been paid. Even were we to treat Mr. Stanley's unsupported claims of payment as a proper challenge to the underlying liabilities entitled to de novo review, we would reject his claim for the same reason.[3]

B. Mrs. Stanley

Mrs. Stanley likewise did not receive a notice of deficiency for 2007 and 2008. At her administrative hearing, Mrs. Stanley did not challenge the underlying liabilities but rather asserted that she returned the collection notices to the IRS "for cause" because "she did not have income for 2007 and 2008". Generously read, this could be construed as challenging whether she had any liability, but she failed to go further; nor did she provide any documentation when

---

[3] We note that there is some uncertainty in our precedents as to the proper standard of review, see Dixon v. Commissioner, 141 T.C. 173, 184 & n.6 (2013), but we need not decide what standard of review would apply here because Mr. Stanley's challenge fails under either standard.

[*16] asked by SO Melcher to do so. We therefore find that Mrs. Stanley failed properly to challenge the underlying liabilities. See sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. at 8-9; Zook v. Commissioner, T.C. Memo. 2013-128, at *6 (holding that the taxpayer failed properly to raise her underlying liabilities when she failed to provide any documentation of the underlying liabilities and asserted frivolous arguments). Therefore, Mrs. Stanley is precluded from challenging the underlying liabilities for 2007 and 2008 now.

IV. Abuse of Discretion

Section 6330(c)(2) provides that as part of an administrative hearing, the settlement officer must address any relevant issues the taxpayer raises in the hearing request, including spousal defenses and collection alternatives. The taxpayer generally only can ask the Court to consider an issue that was raised in the taxpayer's administrative hearing. Magana v. Commissioner, 118 T.C. 488, 493 (2002); sec. 301.6330-1(f)(2), Q&A-F5, Proced. & Admin. Regs. When the taxpayer does not present a collection alternative or a spousal defense for the settlement officer to consider, it is impossible for the Court to conclude that the settlement officer abused his discretion by rejecting it. Kindred v. Commissioner, 454 F.3d 688, 699 (7th Cir. 2006); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005) ("Since there was no offer in compromise before * * * [the settlement

**[*17]** officer], there was no abuse of discretion in * * * [the settlement officer's] failing to consider an offer in compromise."); <u>Magana v. Commissioner</u>, 118 T.C. at 493 (holding that it would be "anomalous * * * to conclude that * * * [an] Appeals Office abused its discretion under section 6330(c)(3) in failing to grant relief, or in failing to consider arguments, issues, or other matter[s] not raised by taxpayers or not otherwise brought to the attention of * * * [an] Appeals Office" during an administrative hearing).

A. <u>Mr. Stanley</u>

Mr. Stanley failed to raise any collection alternatives or spousal defenses in his administrative hearing; nor did our review of the administrative record uncover any irregularities in SO Melcher's verification that the requirements of section 6330 were satisfied. Therefore, we hold that SO Melcher did not abuse his discretion in sustaining the collection actions.

B. <u>Mrs. Stanley</u>

Each spouse is jointly and severally liable for the entire tax reported as due on a joint return for that year. Sec. 6013(d)(3). In certain circumstances, however, a spouse who filed a joint return may seek innocent spouse relief under the procedures in section 6015.

**[\*18]** A taxpayer may claim innocent spouse relief under section 6015 in a lien and levy case under rules prescribed by the Secretary. Sec. 301.6330-1(e)(2), Proced. & Admin. Regs. A taxpayer generally must submit Form 8857 or a written statement containing the same information as Form 8857. Sec. 1.6015-5(a), Income Tax Regs.; see Kindred v. Commissioner, 454 F.3d at 688-699.

Mrs. Stanley indicated on Form 12153 that she was requesting innocent spouse relief. She did not submit Form 8857 nor did she raise an innocent spouse claim in the administrative hearing. Instead, Mrs. Stanley claimed "injured spouse relief" in the administrative hearing. SO Melcher explained that injured spouse relief was for an overpayment of tax and not a deficiency. SO Melcher gave Mrs. Stanley another week to submit additional financial information, but she failed to do so.

We conclude that SO Melcher did not abuse his discretion in sustaining the collection actions when Mrs. Stanley did not provide Form 8857, raise any collection alternatives, or articulate a basis for innocent spouse relief more specific than that she had no income. Nor did our review of the administrative record uncover any irregularities in SO Melcher's verification that the requirements of section 6330 were satisfied.

**[\*19]** V.  <u>Section 6673 Penalty</u>

Section 6673 authorizes the Court to impose a penalty of up to $25,000 for frivolous and groundless arguments and whenever it appears to the Court that "proceedings before \* \* \* [us] have been instituted or maintained by the taxpayer primarily for delay".  Sec. 6673(a)(1)(A).

A.  <u>Mr. Stanley</u>

Mr. Stanley was warned in his case at docket No. 5096-10L that his positions were incoherent and frivolous and that if he continued to make similar arguments he risked penalties.  Notwithstanding that warning and a second rejection of his position in docket No. 5096-10L, Mr. Stanley persisted in making similar arguments.  While Mr. Stanley stated at trial that he now has abandoned the "UCC" argument, we find that Mr. Stanley continued to make substantially the same frivolous arguments.  Further, even if Mr. Stanley has abandoned the specific frivolous arguments now that his appeal has failed, he has offered no nonfrivolous arguments in support of his petition even though he persists in opposing respondent's collection actions.  Instituting or maintaining proceedings primarily for delay is a separate ground for imposing a penalty.  We therefore will grant respondent's motion and impose a penalty of $10,000 under section 6673(a)(1) on Mr. Stanley.  We also warn Mr. Stanley that if he does not abandon his misguided

[*20] arguments, which amount to nothing more than delay tactics, it is very likely that in future cases before the Court a greater penalty will be imposed.

B. Mrs. Stanley

Respondent did not move for us to impose a penalty on Mrs. Stanley, and she was not party to the prior proceeding. We decline to penalize her now sua sponte. We warn Mrs. Stanley, however, that if she persists in making the same frivolous arguments in future cases she also risks a penalty.

To reflect the foregoing,

Decisions will be entered for respondent, and an appropriate order imposing a section 6673 penalty on Mr. Stanley will be issued in docket No. 7238-13L.